# 420

484 P.2d 32

Ramona C. WOOD, a widow, Glenda Fae
Wood and Mary Ann Wood, minor
children, Petitioners,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Merritt-Chapman & Scott Corporation,
Respondent Employer,

State Compensation Fund,
Respondent Carrier.

No. 1 CA–IC 414.

Court of Appeals of Arizona,
Division 1, Department B.

April 27, 1971.

Rehearing Denied May 17, 1971.
Review Granted June 15, 1971.

Williams, Ryan & Herbolich, by Martin F. Ryan, Michael J. Herbolich, Douglas, for petitioners.

William C. Wahl, Jr., Phoenix, for respondent, The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by J. Victor Stoffa, Phoenix, for respondent carrier, State Compensation Fund.

EUBANK, Judge.

We granted our writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona denying the petitioner-widow and minor children death benefits requested pursuant to A.R.S. § 23–1041, subsec. A and § 23–1046, subsec. A.

The petitioners' decedent died on February 10, 1967 under circumstances characterized by the coroner as suicide. A.R.S. § 23–1021, subsec. A precludes compensation for injury or death which is "purposely self-inflicted". This would by definition eliminate suicide except for the rule of law announced by our Supreme Court in Graver Tank & Mfg. Co. v. Industrial Commission, 97 Ariz. 256, 399 P.2d 664 (1965), to-wit:

"* * * We believe the better rule to be that where the original work-connected injuries suffered by the employee result in his becoming devoid of normal judgment and dominated by a disturbance of mind directly caused by his injury and its consequences, such as severe pain and despair, the self-inflicted injury cannot be considered 'purposeful' within the meaning and intent of the Workmen's Compensation Act. * * *"

Following three hearings, the Commission denied compensation finding that decedent's death resulted from conditions which have no relationship to his industrial accident of February 20, 1964.

The sole question before this Court is whether the petitioner successfully carried her burden of proving the causal relationship between the industrial injury and the alleged suicide. Rose v. Industrial Commission, 8 Ariz.App. 182, 444 P.2d 739 (1968).

In Graver Tank & Mfg. Co. v. Industrial Commission, supra, extensive medical evidence was introduced into evidence supporting the expert medical opinions that the deceased was deprived of his normal judgment at the time that he attempted to take his own life and that the attempted suicide

resulted directly from the prior industrial injury. In the case at bar the nature of the evidence is different and in conflict. For example, Dr. Cutts was of the opinion that the industrial injury was one of several factors contributing to decedent's death; Dr. May expressed his opinion that there was no evidence upon which to base a medical conclusion relating the industrial injury to the death. His attending physician, Dr. Spikes, was surprised at the news of his death and stated that he found no clues of an indication on the part of decedent to take his own life.

It is our opinion that petitioner failed to sustain her burden of proof as required by Graver and consequently we affirm the Commission's award.

Two other questions on appeal deal with the evidentiary problem of establishing the fact of suicide. Since the resolution of these questions is unnecessary in light of our holding, we will not discuss them.

Award affirmed.

JACOBSON, P. J., and HAIRE, J., concur.