492 P.2d 1157

Ramona C. WOOD, a widow, et al.,
Petitioners,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Merritt-Chapman & Scott Corporation,
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 10534–PR.

Supreme Court of Arizona,
In Banc.

Jan. 21, 1972.

Williams, Ryan & Herbolich, P. C., by Martin F. Ryan and Michael J. Herbolich, Douglas, for petitioners.

William C. Wahl, Jr., Phoenix, for respondent, The Industrial Comm. of Ariz.

Robert K. Park, Chief Counsel, by J. Victor Stoffa, Phoenix, for respondent carrier, State Compensation Fund.

HAYS, Chief Justice.

On February 20, 1964, John A. Wood sustained an injury to his back while in the scope of his employment. After numerous hearings and interim awards, the Industrial Commission determined, on May 31, 1966, that Wood should be granted one

hundred percent permanent disability, entitling him to compensation in the amount of $591.09 per month.

Up to and beyond the time of his final award, Wood complained of severe pain in his back. Drugs were prescribed to reduce the pain but he was unable to attain relief. His physicians, as a last alternative, recommended surgery, but his pain persisted after the surgery was performed. That was in December of 1966. On February 14, 1967, Wood was found dead in his camper, having died from an overdose of strychnine.

Wood's surviving widow and minor children (hereinafter referred to as petitioners) applied with the Industrial Commission for death benefits, pursuant to A.R.S. § 23–1041, subsec. A and § 23–1046, subsec. A. Petitioners attempted to prove that Wood's death was by suicide which was causally related to his industrial injury. It was the referee's opinion that (1) suicide had not been established by the evidence and (2) no causal relationship had been proven to exist between Wood's injury and subsequent death. The award denying death benefits to the petitioners was affirmed by the Court of Appeals, and we granted petitioners' petition for review. Wood v. Industrial Commission, 14 Ariz.App. 420, 484 P.2d 32 (1971). The decision of the Court of Appeals is vacated.

■ We turn first to the issue of whether petitioners met their burden of proving that Wood met his death by suicide. Initially, it will be necessary to determine the quantum of proof required in order for a party to prevail on this issue. It is the rule in this jurisdiction, as well as others, that in the absence of proof of the cause of death, the presumption is against suicide. Equitable Life Assurance Society v. De Johnson, 36 Ariz. 428, 286 P. 817 (1930).[1] Our inquiry must then be whether there existed any evidence of causation, the law being that it is only where the cause of death is for all intents and purposes unknown that a presumption in favor of love for life and against suicide will arise.

■ Examining the case before us, it was the finding of the pathologist that Wood's death was due to an overdose of strychnine. Therefore, since the cause of death was known, no presumption against suicide may arise. Petitioners carry no burden of proof greater than that imposed in most civil proceedings; that of establishing their claim by a preponderance of the evidence. Ison v. Western Vegetable Distributors, 48 Ariz. 104, 59 P.2d 649 (1936).

Before examining the evidence itself to determine whether suicide was established, a procedural point must be clarified. We note that the report prepared by the referee for the Industrial Commission, with reference to its finding that suicide was not established by the evidence, stated that a strong presumption against suicide exists. The report did not mention whether this presumption was tested against evidence tending to show the cause of Wood's death.

■ It is our view that the factual findings of the referee were tainted by a requirement that petitioners overcome a presumption against suicide which no longer existed, and it would not be proper to follow the usual practice of according substantial weight to the factual findings of the Industrial Commission. *See* Red Rover Copper Co. v. Industrial Commission, 58 Ariz. 203, 118 P.2d 1102 (1941).

1. The Industrial Commission notes in its brief that the statement is also made in the Equitable Life Assurance case and quoted in subsequent cases [*See, e. g.,* Sutter v. Industrial Commission, 4 Ariz. App. 392, 420 P.2d 964 (1966)] that when circumstantial evidence is relied upon, the proponent must establish facts which exclude any reasonable hypothesis of anything except suicide. It is unnecessary to determine whether the evidence petitioners seek to rely upon was circumstantial or direct. In light of our decent decision equating the weight of circumstantial and direct evidence, [State v. Harvill, 106 Ariz. 386, 476 P.2d 841 (1970)], we do not feel constrained to recognize that a greater burden exists- where the evidence tending to prove suicide is circumstantial in nature.

It was the testimony of John Wood's widow that Wood became increasingly hard to live with after his accident, becoming more withdrawn as time went on. She testified that during his last week, his pain brought him to the point of tears, stating that she had never seen him so distraught.

Just prior to his death, Wood transferred his car title to his wife's name. He also changed his savings account to her name. At the same time he opened a small checking account in his own name. On the day that he left his house for the last time, he left a signed blank check for his wife.

Wood left without saying where he was going. Four days later, his body was discovered in his camper by a deputy sheriff. The deputy testified that he found a nearly empty fifth of whiskey, two empty prescription bottles, and an empty soda pop bottle near Wood's body. He stated that he found no evidence of the presence of any third party at the scene and that he had no reason to suspect foul play. He stated that he saw no reason to request an autopsy, and he neither made nor called for any further investigation after the autopsy results were in.

The deputy also testified that he found near Wood's person a handwritten note which read: "No one knows the pain I am in so I am going to get drunk. Pain pills don't help." Dr. Robert I. Cutts, one of Wood's treating physicians, was questioned about this note. He stated that he had had considerable experience with alcoholics and that, notwithstanding the decedent was not an alcoholic, he felt fairly certain that this note was not written by a person who merely intended to get drunk. He rather thought the note to be a suicide note and that Wood deliberately took his life by ingesting a lethal dose of strychnine.

Testimony was also received from Wood's personal physician, Dr. George Spikes, that Wood was in constant and severe pain from the time of his original back injury. This would represent three years of agony with apparently no relief in sight, Wood's back operation having been unsuccessful in relieving his pain.

The foregoing evidence was uncontroverted by the Industrial Commission. In light of such evidence, we hold that petitioners successfully sustained their burden of establishing that the decedent's death was the result of suicide.

We turn next to the issue of whether the evidence was sufficient to prove a causal connection between Wood's industrial injury and his suicide. A.R.S. § 23–1021, subsec. A precludes compensation for injury or death which is "purposely self-inflicted." This would by definition eliminate suicide except for the rule of law announced in Graver Tank & Mfg. Co. v. Industrial Commission, 97 Ariz. 256, 399 P.2d 664 (1965). There we stated:

."We believe the better rule to be that where the original work-connected injuries suffered by the employee result in his becoming devoid of normal judgment and dominated by a disturbance of mind directly caused by his injury and its consequences, such as severe pain and despair, the self-inflicted injury cannot be considered 'purposeful' within the meaning and intent of the Workmen's Compensation Act. Whitehead v. Keene Roofing Co., 43 So.2d 464 (Fla.1949)."

The medical testimony presented by petitioners was sufficient to show that Wood was deprived of his normal judgment. As before mentioned, Wood had been in constant and severe pain for the last three years of his life. It is of importance to note that the Industrial Commission determined that this pain was related to decedent's mental rather than physical condition. The Commission's final award granting one hundred percent permanent disability to Wood stated that "claimant had a mental disability, in the form of a conversion reaction, attributable to said accident." Though the pain Wood felt was as real to him as any organic pain, medical testimony indicated it was the product of his mind rather than his body.

Aside from the medical testimony tending to show that Wood was suffering mental disturbance, there was testimony from Wood's widow to the effect that Wood's personality had changed since the accident. Where he was once gregarious and interested in his family, he was now withdrawn, wishing to keep to himself. He complained daily of his pain and lost much sleep.

Opinions as to causal connection between the suicide and the industrial injury were expressed by three physicians who had treated Wood for his injury. Two of the three stated that a causal relationship did exist, while the third stated that his therapeutic relationship with Wood was too brief to make an unequivocal judgment either way.

In light of such testimony, we find that the petitioners met their burden of proving a causal connection between the injury and the suicide.

Decision of the Court of Appeals vacated and the award set aside.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.