582 P.2d 656

**REYNOLDS METALS COMPANY and Liberty Mutual Insurance Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Sherman B. Ballard, Deceased, Ellen G. Ballard, widow of Decedent, Felicia E. Ballard, Eric D. Henderson and Dane H. Ballard, children of Decedent, Respondent Employee.**

**No. 1 CA–IC 1728.**

Court of Appeals of Arizona,
Division 1,
Department C.

July 25, 1978.

Snell & Wilmer by George H. Lyons, Dennis W. Johnson, Phoenix, for petitioners.

John H. Budd, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Miller, Byrnes & Rosier by Albert H. Gavit, Jr., Scottsdale, for respondent employee.

## OPINION

WREN, Judge.

The issue in this workmen's compensation case is whether the hearing officer abused his discretion when he determined that decedent employee's death by an overdose of propoxphene was causally related to an industrial injury suffered in the course and scope of his employment with Reynolds Metals Company, the petitioner employer.

Sherman Ballard, the decedent, injured his back on September 17, 1974, when he fell from a ladder while employed as an electrician by Reynolds Metals Company. On September 18, 1975, Mr. Ballard died after ingesting approximately 30 times the normal dosage of a prescription drug, commonly known as Darvon, which had been prescribed to relieve the pain caused by decedent's back injury. His widow filed a claim for death benefits for herself, several minor children born to decedent, and for her son from a prior marriage. The claim was denied by the petitioner carrier, Liberty Mutual Insurance Company, and a hearing was thereafter requested by Mrs. Ballard.

At the hearing a great deal of conflicting testimony was elicited regarding what may have caused decedent to take the drug overdose. Most of the witnesses, both medical experts and lay, assumed the death was by suicide. Their testimony primarily related to whether the suicide was generated by depression over marital difficulties or continuing pain resulting from decedent's back injury. The hearing officer resolved the conflict by finding a causal connection between the industrial injury and decedent's death and awarded death benefits to the widow and several of decedent's surviving children. The award was affirmed on review and this special action was instituted by the insurance carrier and employer to test the validity thereof.

█ Petitioners have alleged several errors, beginning with a claim that the hearing officer erred in refusing to decide the cause of death. Petitioners point to Finding No. 4 in which the hearing officer found decedent's death was causally related to his industrial accident and was therefore compensable whether an accident or suicide. Petitioners contend this was error because of the requirement that the findings must dispose of all material issues. *Fernandez v.*

*Industrial Commission,* 102 Ariz. 50, 424 P.2d 451 (1967). We believe the hearing officer did resolve all material issues and did not err in failing to determine that the death was either accidental or suicide.

The ultimate issue in this case was the compensability of the decedent's death as a result of his industrial injury. The hearing officer found that if the overdose was accidental it was a compensable event since the Darvon was prescribed for relief of pain caused by decedent's industrial injury. He also determined that if this was a suicide induced by the industrial injury, it was compensable. We believe that so long as the hearing officer was correct in finding that if the incident was a suicide it was compensable within the standards enunciated by the Supreme Court in *Graver Tank & Manufacturing Company v. Industrial Commission,* 97 Ariz. 256, 399 P.2d 664 (1965), it was unnecessary for him to determine whether the incident was an accident or a suicide. In *Graver* the court stated:

> "We believe the better rule to be that where the original work-connected injuries suffered by the employee result in his becoming devoid of normal judgment and dominated by a disturbance of mind directly caused by his injury and its consequences, such as severe pain and despair, the self-inflicted injury cannot be considered 'purposeful' within the meaning and intent of the Workmen's Compensation Act." 97 Ariz. at 260–61, 399 P.2d at 664, 668.

■■ The next issue is whether the respondents met their burden of proving a causal relationship between decedent's death and his 1974 industrial injury. Initially, we note that this Court is not a trier of fact and that an award of the Industrial Commission will be affirmed if it can be supported by any reasonable theory of the evidence. *Perry v. Industrial Commission,* 112 Ariz. 397, 542 P.2d 1096 (1975). Further, although it is true that absent proof of the cause of death the presumption is against suicide, where the cause of death is known this presumption does not arise, and the burden is that of establishing the claim

by a preponderance of the evidence. *Wood v. Industrial Commission,* 108 Ariz. 50, 492 P.2d 1157 (1972).

The question to be resolved, then, is whether any reasonable theory of the evidence supports the hearing officer's resolution of the question of causation as it relates to this possible suicide. There are sharp conflicts in the testimony regarding decedent's mental state immediately preceding his death. For instance, there was testimony that he was extremely depressed about his marital situation. Other testimony indicated he was enjoying his family life and had planned a trip to Disneyland with family members scheduled for the day after he died. Harry A. Danielson, M.D., decedent's treating physician, saw decedent the day prior to his death and for the first time in Dr. Danielson's memory decedent was not in good spirits. Dr. Danielson was never asked, however, whether he would draw a causal connection between the pain decedent was suffering and his suicide.

The only other physician to testify was Dr. James E. Campbell, a psychiatrist called by petitioners. He originally testified that based on his review of the psychological profile and the hypothetical question before him, he would relate the death/suicide to decedent's marital problems. When presented with a hypothetical question emphasizing the contrary lay testimony, however, Dr. Campbell admitted he would change his opinion. Further, the testimony tending to connect the suicide with decedent's marital problems was based in large part on a review of a report prepared by a graduate student in clinical psychology who had interviewed the decedent in November 1974. This report and the simple review thereof were insufficient to support a medical opinion as to decedent's mental state in September 1975. *Cf. Pais v. Industrial Commission,* 108 Ariz. 68, 492 P.2d 1175 (1972); *Bilbrey v. Industrial Commission,* 27 Ariz.App. 473, 556 P.2d 27 (1976).

■ Although we recognize that suicide cases sometimes present peculiar problems of proof since the decedent is no longer available for examination by medical ex-

perts, we believe suicides fall within the rule that where the result of an industrial accident is not clearly apparent to a layman, the causal relationship of the accident to the physical or mental condition complained of must be established by expert medical testimony. *Eldorado Insurance Co. v. Industrial Commission,* 27 Ariz.App. 667, 558 P.2d 32 (1976). Only in exceptional circumstances may a suicide so obviously result from an industrial accident that expert medical testimony need not be introduced to establish the causal connection. *See* 1A Larson, the Law of Workmen's Compensation, § 36.50 (1973 Ed.). Because of the conflicting evidence regarding decedent's mental state, this is a case clearly calling for expert testimony.

■■ As we noted earlier, the proof in this case need only rise to the level of a preponderance of the evidence, but that evidence must show that the industrial accident resulted in the decedent becoming "devoid of normal judgment and dominated by a disturbance of mind directly caused by his injury . . . ." *Graver Tank & Manufacturing Company v. Industrial Commission,* 97 Ariz. at 261, 399 P.2d at 668. No medical evidence in the record satisfies this test. Dr. Danielson was never asked his opinion regarding causation. Dr. Campbell's testimony does not support such a finding. Furthermore, neither lay nor expert witnesses established a pattern of abnormal behavior by this decedent which remotely approached the behavior of the decedent in *Graver.*

■ The burden was on the claimants to establish all the material elements of their claim. *Estate of Bedwell v. Industrial Commission,* 104 Ariz. 443, 454 P.2d 985 (1969). The hearing officer, as the trier of fact, was entitled to give credence to claimant's version of the underlying facts, but absent some medical testimony to support a finding of the necessary causal connection between the injury and the suicide, there was insufficient evidence to support an award of compensation benefits in this case.

■ Because it may be an issue in the *de novo* hearing of this case upon remand to the Industrial Commission, we will discuss one final issue raised by both parties relating to the propriety of the hearing officer's determination regarding dependents. The hearing officer awarded benefits to be held in trust for one DiAnn Ballard, decedent's daughter by previous marriage. Petitioners argue this was improper because no evidence was presented indicating DiAnn Ballard was alive, and no showing that if alive, she was dependent upon the decedent for support. A.R.S. § 23–1064 creates a conclusive presumption that natural children under the age of eighteen are totally dependent for support upon a deceased employee. We see nothing improper with the creation of the trust which requires a guardian ad litem to begin efforts to locate her current address, and the retention of jurisdiction by the Industrial Commission to make further orders regarding the disbursement of funds should that be necessary. The fact that no evidence was presented showing DiAnn to be alive is irrelevant, since there was no evidence indicating otherwise. We will not indulge in a presumption that when the location of a child is temporarily unknown, that child is presumed dead until proven otherwise.

There was an inadequate showing of causation to support the hearing officer's award of benefits and the award is, therefore, set aside.

SCHROEDER, P. J., and DONOFRIO, J., concurring.