NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GENEVIEVE DEAN, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

CPE HR, INC., *Respondent Employer,*

ZURICH AMERICAN INSURANCE COMPANY, *Respondent Carrier.*

No. 1 CA-IC 18-0029
FILED 12-18-2018

Special Action – Industrial Commission
ICA Claim No. 20171-280276
Carrier Claim No. 2010296175
The Honorable C. Andrew Campbell, Administrative Law Judge

**AFFIRMED**

COUNSEL

Genevieve Dean, Tempe
*Petitioner*

The Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent ICA*

Norton & Brozina, P.C., Phoenix
By Kevin E. Karges
*Counsel for Respondent Employer and Carrier*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Lawrence F. Winthrop and Judge Jon W. Thompson joined.

**P E R K I N S**, Judge:

¶1      Genevieve Dean appeals the Decision Upon Review of the Industrial Commission of Arizona ("ICA") denying her claim for workers' compensation. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2      Dean began cleaning rooms for the Moxy Marriott Hotel ("Moxy") in March 2016. Dean had progressively increasing pain in her arms that she reported to her supervisor around April 9, 2017. Specifically, she had pain from shoulder to elbow that started in her right arm, then began to develop in her left arm as she compensated for the pain in her right. Dean also had pain in her right wrist, and pain in each knee, which she attributed to hitting her knees on the beds as she changed the sheets.

¶3      Dean saw Dr. James Eitner on April 17, 2017, who issued a medical report and informed the ICA of Dean's injuries. Dr. Eitner diagnosed Dean with: a right shoulder strain; strains of both biceps; right wrist strain; and contusions of both knees. He did not reach a conclusion on the causation of Dean's injuries, but noted that his findings were "not consistent with the injury reported by [the] patient." Dr. Eitner cleared Dean to return to work with lifting restrictions as of April 17, 2017. Dr. Eitner next saw Dean on April 20, noting that there was no change in diagnosis, but that Dean had failed to follow recommended treatment and had failed to take her medications as prescribed. He again cleared Dean for work with restrictions. Dean last saw Dr. Eitner on April 28; Eitner noted Dean had additional pain she attributed to physical therapy and again cleared her for work with restrictions.

¶4      On May 30, 2017, Dr. Anthony Theiler performed an Independent Medical Examination ("IME") on Dean. Dr. Theiler concluded that Dean did not show "any objective evidence of significant pathology" in her shoulder, wrist, or knee. He further stated that Dean's pain was not caused, aggravated, or exacerbated by her work activities for Moxy.

¶5    In August 2017, Dr. Ammar Mian ordered an MRI for Dean that showed she had "effectively [a] full-thickness tear" of one of the tendons in her right bicep. Dr. Mian wrote that Dean could not work at all until seeing an orthopedic doctor. Dean then saw orthopedic specialist Dr. Jones, who referred Dean to an orthopedic surgeon to repair her tendon tear.

¶6    Moxy's insurance company, Zurich American Insurance Co., issued a Notice of Claim Status denying Dean's claim on May 31, 2017. Dean timely requested a hearing, which the Administrative Law Judge ("ALJ") initially scheduled for November 14, 2017. Dean requested a continuance to gather more evidence, and the ALJ rescheduled the hearing for December 20.

¶7    Dr. Greg Keller, an orthopedic surgeon, examined Dean and reviewed the records from her MRI on November 2 and December 11, 2017. He concluded that Dean had a complete tear of her rotator cuff and "impingement syndrome" in her shoulder. Dr. Keller required Dean to participate in physical therapy prior to scheduling her for surgery.

¶8    The ALJ held the hearing on December 20, 2017, during which he heard testimony from Dean and her supervisor Irene Garcia. At the end of that hearing, the ALJ asked Dean if she would like to subpoena a medical expert to give testimony, and she replied that she would not. Moxy stated that it would like to hear testimony from Dr. Theiler, the doctor who performed the IME. The ALJ heard from Dr. Theiler on February 6, 2018.

¶9    Dr. Theiler testified that he had reviewed the records from Dr. Eitner and the report from the MRI. He stated that these records did not change his diagnosis, and instead indicated that Dean "has a chronic rotator cuff tear with some fatty atrophy of the muscle bellies, which would indicate chronicity, something that's been there for a while. It's not acute." Dr. Theiler flatly denied that Dean's rotator cuff issues were related to her work activities.

¶10    On February 8, 2018, the ALJ issued a Decision Upon Hearing and Findings and Award Regarding Non-Compensable Claim. In it, the ALJ found there was no conflict in the medical evidence because Dean had not proffered any evidence of a causal link between her work activities and her rotator cuff injury. Accordingly, the ALJ held Dean's injury non-compensable because she had failed to meet her burden of proof.

¶11    Dean timely filed a request for review and requested a "delay" of 90 days in order to submit additional medical records. The ALJ

affirmed the Decision Upon Hearing and ruled that, to the extent Dean requested additional time or hearings to present evidence, the request was denied. Dean timely petitioned this Court for a writ of certiorari. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 23-943(H), -951(A); Ariz. R. P. Spec. Act. 10; *Watts v. Indus. Comm'n*, 180 Ariz. 512, 513 (1994).

**DISCUSSION**

**¶12**        In reviewing an ICA award, we defer to the ALJ's factual findings but review questions of law *de novo. Patches v. Indus. Comm'n*, 220 Ariz. 179, 180, ¶ 2 (App. 2009). We view the evidence in the light most favorable to upholding the ALJ's award. *Aguayo v. Indus. Comm'n*, 235 Ariz. 413, 414, ¶ 2 (App. 2014). To prove that an injury is compensable, the claimant bears the burden to establish all elements of the claim, including that she has suffered an injury "and that the injury was causally related" to her employment. *Hackworth v. Indus. Comm'n*, 229 Ariz. 339, 342, ¶ 9 (App. 2012) (quoting *W. Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 527 (App. 1982)); *see also* A.R.S. § 23-1021. Where an injury's cause is not clearly apparent to a layperson, causation "must be established by expert medical testimony." *Phelps v. Indus. Comm'n*, 155 Ariz. 501, 505 (1987).

**¶13**        A claimant must show both legal and medical causation. *Grammatico v. Indus. Comm'n*, 208 Ariz. 10, 12, ¶ 8 (App. 2014). One shows legal causation "by demonstrating that the accident arose out of and in the course of employment." *Id.* at 13, ¶ 8 (citation omitted). Conversely, one establishes medical causation "by showing that the industrial accident caused the injury." *Id.* (citation omitted). "[M]edical causation ordinarily requires expert medical testimony . . . ." *DeSchaaf v. Indus. Comm'n*, 141 Ariz. 318, 320 (App. 1984). The claimant must show medical causation by a preponderance of the evidence. *Wood v. Indus. Comm'n*, 108 Ariz. 50, 51 (1972).

**¶14**        Dean did not meet her burden of proof. She offered no expert medical testimony that her duties with Moxy caused, aggravated, or exacerbated her shoulder issues. Although Dean did present a note from Dr. Mian that relieved her from work, Dr. Mian did not opine as to the cause of Dean's shoulder issues. The same is true for Dean's orthopedic surgeon Dr. Keller. He diagnosed Dean as having a "[c]omplete tear of tendon of rotator cuff" and ordered she not push, pull, or lift any weight over her head, but provided no opinion as to what caused the tendon to tear. Regarding Dr. Jones, the only mention in the record was Dean's own testimony, and Dean herself is not an expert. *See Phelps Dodge Corp. v. Indus.*

*Comm'n*, 114 Ariz. 252, 255 (App. 1977) (ALJ must interpret claimant's testimony "in light of the medical evidence which is presented").

¶15        Instead, the expert medical evidence in the record contradicts Dean's contention that work activities caused her injuries. The first doctor Dean saw, Dr. Eitner, stated in his report that his findings were "not consistent with the injury reported by [the] patient." Dr. Theiler also stated in his IME report that "[f]ull strength and full range of motion are noted throughout all three joints [the right shoulder, wrist, and knee.]" Further, after reviewing Dean's MRI, Dr. Theiler diagnosed Dean with degenerative rotator cuff issues and stated to a reasonable degree of medical probability that her medical complaints did not relate to her work activities. Given this expert medical evidence, the ALJ did not err in finding that Dean failed to meet her burden of proof.

### CONCLUSION

¶16        For the foregoing reasons, we affirm the ALJ's Decision Upon Review.



AMY M. WOOD • Clerk of the Court
FILED:  AA