NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

SERGIO RENDON, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ANIXTER INTL, *Respondent Employer*,

INDEMNITY INSURANCE CO OF NORTH AMERICA,
*Respondent Carrier*.

No. 1 CA-IC 23-0024
FILED 06-25-2024

Special Action - Industrial Commission
ICA Claim No. 20171930072
Carrier Claim No. 127-CB-E6D5270-R
The Honorable Amy L. Foster, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Taylor & Associates PLLC, Phoenix
By Nicholas C. Whitley
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Lundmark, Barberich, La Mont & Puig PC, Phoenix
By Kevin E. Karges
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

**¶1** Petitioner Sergio Rendon challenges an Industrial Commission of Arizona (ICA) Award denying his hearing request. The record contains substantial evidence supporting the Administrative Law Judge's finding that Rendon failed to show that his untimely filing should be excused. Accordingly, the Award is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2** Rendon injured his lower back at work in May 2017. His worker's compensation claim was accepted by employer Anixter International and insurance carrier Indemnity Insurance Co. of North America (collectively Indemnity). He received treatment and benefits, and his claim was closed without permanent impairment in 2018. In February 2022, Rendon petitioned to reopen his case, claiming he had a new, additional or undiscovered condition that required surgery to implant a spinal cord stimulator.

**¶3** Although required by statute to respond to the petition within 21 days, Indemnity did not respond for six months. *See* Ariz. Rev. Stat. (A.R.S.) § 23-1061(M) (carrier must respond to claims within 21 days; if response is late, carrier must pay penalty benefits until denial is issued) (2024).[1] On August 26, 2022, Indemnity denied the petition in a Notice of Claim Status (Notice). After Rendon filed a claim alleging bad faith failure to respond, Indemnity paid Rendon penalty benefits through August 26, 2022.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated

¶4            In January 2023, Rendon filed a request for hearing challenging Indemnity's denial of his petition to reopen. Indemnity argued Rendon's hearing request was untimely. *See* A.R.S. § 23-947(A) (requiring claimants to file such a request within 90 days from the notice of denial).

¶5            The ALJ held a hearing where Rendon was the only witness. Rendon admitted that the Notice used the correct address where he received his mail and that he did not receive a copy of the Notice, even though he regularly checked his mail. Rendon also testified that he had had no issues receiving mail at that address. Rendon added, however, that even in January 2023, when he filed his request for hearing, he was unaware that his "claim" had been denied. Rendon's counsel stated that he did not receive a copy of the Notice in the mail. Indemnity called no witnesses and filed no affidavit attesting to the mailing of the Notice.

¶6            The Notice lists the addresses of the parties, including Rendon. The Notice affirms that it was "mailed on" August 26, 2022, by authorized representative Adison Wagar. The record includes an August 26, 2022, letter from Wagar to Rendon's counsel, listing the correct address and stating that a copy of the Notice accompanied the letter. The ICA also received the Notice on August 26, 2022, the date an affirmation states it was mailed to the parties.

¶7            After considering this information, the ALJ issued an Award finding that the hearing request was untimely. The ALJ also concluded that Rendon did not show by clear and convincing evidence that he failed to receive the Notice. *See* A.R.S. § 23-947(B)(3). The ALJ inferred that the Notice was mailed to Rendon and concluded that it was mailed to Rendon's counsel. The ALJ also noted that the ICA received the Notice. As a result, the Award denied Rendon's request for a hearing on Indemnity's denial of his petition to reopen.

¶8            Rendon requested administrative review, arguing that his testimony was credible and that the evidence did not show that Indemnity mailed the Notice to the parties. The ALJ summarily affirmed the Award. Rendon then brought this statutory special action, again arguing that no evidence shows Indemnity mailed the Notice.

**DISCUSSION**

**¶9**　　　　This court considers the evidence in a light most favorable to upholding the ALJ's award and will affirm the Award unless there is no reasonable basis for it. *See Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105 ¶ 16 (App. 2002); *see also Hoffman v. Brophy*, 61 Ariz. 307, 312 (1944) (adhering "to our oft repeated rule that if there is any competent evidence in the record to sustain the action of the Commission, it is conclusive and binding on this Court").

**¶10**　　　　To timely deny a petition to reopen, an insurer must "issue a notice of claim status denying the claim within twenty-one days" of notification. A.R.S. § 23-1061(M). Although "issue" is not defined in the workers' compensation statutes, it is used in a manner similar to the term "serve." *Compare* A.R.S. § 23-941.02(A) (chief ALJ "shall issue an order" in response to a motion to designate a pro se party a vexatious litigant); A.R.S. § 23-953 ("When a notice is issued by an insurance carrier. . ."); A.R.S. § 23-969 (when a lien is satisfied, the ICA "shall issue a release to the person against whom the lien is claimed"); and A.R.S. § 23-1070.01(A)(1) (ICA shall "[i]mmediately issue a notice to all parties. . . .") *with* A.R.S. § 23-907(M) ("The notice shall be served on the employer. . .") and A.R.S. § 23-1047(C) ("The commission shall serve a copy of the determination. . ."). "Serve" or "service" includes "[m]ailing to the last known address of the receiving party." A.R.S. § 23-901(17). Thus, a notice of claim status denying a petition to reopen properly can be issued by mailing the notice to the recipient's last known address. That, as noted above, is what the ALJ found Indemnity did with the Notice on August 26, 2022.

**¶11**　　　　Rendon argues no evidence shows Indemnity mailed the Notice. The record, however, properly supports the ALJ's contrary finding. The affirmation of mailing in the Notice suggests it was mailed. The ICA's receipt of the Notice on the same day as the affirmed date it was mailed to the parties raises a reasonable inference that, because the Notice was mailed to the parties at the same time, it was also mailed to Rendon and his counsel. While the lack of an affidavit or testimony from the representative listed in the affirmation of mailing fails to provide direct evidence that Indemnity mailed the Notice to the parties, there is circumstantial evidence that Indemnity did so. Circumstantial evidence alone can support an ALJ's factual finding. *Wood v. Indus. Comm'n*, 108 Ariz. 50, 51 n.1 (1972) (citing *State v. Harvill*, 106 Ariz. 386 (1970)).

4

**¶12**        The record contains substantial evidence to support the ALJ's inference that Indemnity mailed the Notice to Rendon. Although disputed, the record also supports the ALJ's conclusion that Rendon failed to show clear and convincing evidence that he did not receive the Notice. Therefore, Rendon's untimely request for hearing was properly denied.

## CONCLUSION

**¶13**        The Award is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV