488 P.2d 507

**Ronald R. LEE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**The Anaconda Company, Respondent Employer,**

**The Travelers Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 567.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 13, 1971.

for the employer mining company. His case was accepted for benefits. He continued to work for a short period and then consulted Dr. Donald J. Garland, who treated him. X rays were taken of petitioner's spine and pelvic region. The X rays were essentially negative. Because of his complaints of illness he was referred to and consulted several doctors in the interim before the instant award. On January 20, 1970, he was found able to return to his work. Responsive to timely petition for hearing, a formal hearing was held and the Commission thereafter entered its award of September 10 which found no permanent disability.

It would serve no purpose to give a history of the follow-up medical examinations and tests made of petitioner as a result of his pains and complaints. They were negative for objective signs, and although the X rays showed congenital abnormalities of spina bifida occulta and Schmorl's nodes, these were not related by the doctors to the accident or petitioner's complaints. The tests and procedures included examinations by orthopedists and neurologists who conducted myelograms, myograms and lumbar puncture tests, as well as various other laboratory studies. All were negative in that they did not reveal a physical or organic basis for the complaints claimed by petitioner as being related to the accident.

The thrust of petitioner's contention is that although the doctors could find no objective findings to explain his continuing symptoms, they had no reason to doubt the symptoms and pain testified to by petitioner. Petitioner testified that the pain limited his working ability. It is to be noted that petitioner steadfastly maintains that the pains in his back, hip and leg continued from the date of the accident and have worsened, and that the doctors have suspected non-industrial causes for the pain.

The legal question presented by the briefs centers around whether, in the absence of medical evidence connecting petitioner's subjective complaints of pain with the industrial injury, the petitioner has sustained his burden of proof in this mat-

Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, the Industrial Commission of Arizona, Phoenix, for respondent.

Chandler, Tullar, Udall & Richmond, by William J. Augustine, Tucson, for respondent Employer and Carrier.

DONOFRIO, Judge.

This case is before the Court by writ of certiorari by the injured workman to test the lawfulness of a decision upon hearing and findings and award for temporary disability, issued on September 10, 1970.

Petitioner suffered a back sprain on October 25, 1968, when he lifted a large piece of iron while cleaning up a storage area

ter. The answer to this question which will continue to plague us until medical science or the Legislature finds a solution is in the negative.

█ First, the petitioner has the burden of proof in pressing his claim. Waller v. Industrial Commission, 99 Ariz. 15, 406 P. 2d 197 (1965).

█ Next, the Industrial Commission is the trier of disputed facts and was at liberty to choose whom to believe. They were not compelled to accept the testimony of petitioner in the face of the medical evidence which included the treating physician and several specialists in the field. Timmons v. Industrial Commission, 83 Ariz. 74, 316 P.2d 935 (1957); Parnau v. Industrial Commission, 87 Ariz. 361, 351 P.2d 643 (1960).

Lastly, although the doctors may have differed in some respect that the continuing symptoms were the aftermath of the lumbo-sacral sprain, it is not our prerogative to substitute our opinion for that of the Commission. Parnau v. Industrial Commission, supra.

The award is reasonably supported by the evidence.

Affirmed.

STEVENS, P. J., and CASE, J., concur.