558 P.2d 727

Edna LAMB, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

National Exhibition Company (Francisco Grande Motor Hotel), Respondent Employer,

Travelers Insurance Co., Respondent Carrier.

No. 1 CA–IC 1460.

Court of Appeals of Arizona, Division 1, Department C.

Nov. 18, 1976.

Rehearing Denied Dec. 15, 1976.

Petition for Review Denied Jan. 11, 1977.

Van Baalen Law Offices by Peter T. Van Baalen, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Burch, Cracchiolo, Levie, Guyer & Weyl by John F. Day, Phoenix, for respondents employer and carrier.

## OPINION

FROEB, Judge.

On March 4, 1974, petitioner, Edna Lamb, sustained an injury to her back while moving a bed during the performance of her duties as a maid at Francisco Grande Motor Hotel. Petitioner's claim was accepted by respondent insurance carrier and benefits were paid to her from the date of injury to February 27, 1975, when a Notice of Claim Status was issued terminating benefits on the basis that her condition was stationary with no permanent disability. Petitioner protested this notice and two formal hearings were then convened, after which the hearing officer found and affirmed on review that petitioner's work-related condition was stationary as of July 23, 1975, with no permanent disability as a result of the accident. Petitioner contends that this award was contrary to the medical evidence. We find to the contrary and affirm the award.

■ Petitioner's argument is based on *Mengel v. Industrial Commission,* 18 Ariz. App. 541, 504 P.2d 72 (1972) which was specifically disapproved in *Arellano v. Industrial Commission,* 25 Ariz.App. 598, 545 P.2d 446 (1976). The argument is as follows: petitioner proved that initially she sustained an injury by accident in the course of her employment. Therefore, she has sustained her burden of proof that she has a permanent disability if she shows that 1) the industrial injury aggravated a preexisting condition; 2) there is nothing in the record to indicate the condition would have been where it was without the aggravation; and 3) she was able to perform her usual work prior to the industrial injury despite the existence of the preexisting condition but subsequent to the injury is no longer able to perform that work.

We find the rationale of *Arellano* is controlling.

■ In this case, as in *Arellano,* petitioner ". . . had the burden of showing . . . ., that the claimed permanent disability was in fact caused, 'triggered' or

contributed to by the industrial injury, and was not merely the result of the natural progression of the preexisting disease." 25 Ariz.App. at 604, 545 P.2d at 452.

The petitioner has clearly failed to present medical evidence sufficient to meet this test.

Dr. Saul Schreiber, an orthopedic specialist, was specifically asked by the hearing officer:

Q. Is that aggravation in the case of the applicant which you have already suggested, temporary in nature or is it permanent in nature?

A. I believe the aggravation was temporary in nature.

Q. Has the applicant in your opinion fully recovered from the effects of the temporary aggravation?

A. I believe she has.

Dr. Lowell Gene Yadon, also an orthopedic specialist, upon whose report the respondent based its Notice of Claim Status terminating benefits with no permanent disability, also stated that the back strain which petitioner had suffered on the job was no longer present and further stated that he had no way of knowing whether, if the accident had never occurred, she would still have had the symptoms from her underlying condition of which she now complains.

Dr. Roger Lueck, another orthopedic specialist, testified to the effect that the back strain was superimposed upon petitioner's preexisting degenerative disc disease, but that, based on a reasonable medical certainty, the problems which she was continuing to have were not a result of the industrial accident and were solely attributable to the preexisting condition.

Finally, the testimony of Dr. Raymond C. Pogge, a family practitioner, added little to the evidence since he deferred to the specialists on all the critical questions.

In our opinion this medical testimony was correctly assessed by the hearing officer when he found in his decision:

7. Dr. Schreiber, Dr. Yadon, and Dr. Lueck all testified that the industrial epi-

sode aggravated or exacerbated the preexisting conditions; however, all of the doctors agreed that applicant's condition had reached a stationary point, that nothing further could be done medically to alleviate applicant's symptoms and complaints, and that applicant could be discharged from medical care without permanent disability causally related to her industrial injury of March 4, 1974.

8. The medical evidence, considered in its entirety, did not establish that applicant's claimed additional disability was in fact caused or contributed to by the work-related injury; and the medical testimony established that applicant's present symptoms and complaints are the result of the natural progression of her preexisting diseases and conditions. (Citations omitted.)

Petitioner had the burden of proving all the material elements of her claim, including the causal relationship of her back disability to the accident. *In re Estate of Bedwell,* 104 Ariz. 443, 454 P.2d 985 (1969); *Malinski v. Industrial Commission,* 103 Ariz. 213, 439 P.2d 485 (1968). The nature of the back disability was such that it was not readily apparent to a layman, hence the determination of disability and its causal relationship to the accident was one within the realm of medical knowledge. *Paulley v. Industrial Commission,* 91 Ariz. 266, 371 P.2d 888 (1962); *Montgomery v. Industrial Commission,* 7 Ariz.App. 109, 436 P.2d 621 (1968); *Arellano v. Industrial Commission,* supra. The medical evidence failed to support petitioner's contention of causal connection and therefore she failed to sustain her burden of proof.

Petitioner makes one further argument which requires only brief treatment. She frames the issue in this way: "Did the hearing officer commit error in refusing to allow testimony concerning the petitioner's ability to return to the occupation she was able to perform prior to the industrial episode?" The hearing officer, in excluding the offered testimony, stated that since the doctor had testified that her subsequent

complaints were not causally related to the industrial accident, the question of what type of activities she was capable of engaging in thereafter was irrelevant. We agree. Not until the causation issue was hurdled by petitioner would any question of the nature and extent of her restrictions become relevant.

Award affirmed.

HAIRE, C. J., Division 1, and JACOBSON, J., concur.