568 P.2d 432

**Opal P. YATES, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Rancho De La Osa, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

No. 1 CA–IC 1643.

Court of Appeals of Arizona, Division 1, Department C.

July 6, 1977.

Rehearing Denied Aug. 4, 1977.

Review Denied Sept. 15, 1977.

Rabinovitz, Minker & Dix, P. C. by James S. Dix, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, Phoenix, by George B. Morse, Tucson, for respondent employer and respondent carrier.

## OPINION

FROEB, Chief Judge.

The issue presented on this review of an award of the Industrial Commission is whether petitioner sustained her burden of proving a compensable workmen's compensation claim when she presented evidence only that an industrial incident occurred, but not that the event resulted in any temporary or permanent disability or that the alleged injury necessitated any medical treatment. We agree with the decision of the hearing officer that in establishing nothing more than that an incident occurred at work, petitioner failed to establish all the necessary elements of her claim. We, therefore, affirm the award denying benefits.

Petitioner was employed as a cook at Rancho de la Osa, a guest ranch. During the first week of March, 1975, she punctured her left index finger on a meat fork while opening a package of frozen vegetables. She bandaged the finger for several days and forgot the incident, after mentioning it in passing to her co-workers or manager. (No one other than petitioner had any specific recollection of the seemingly minor incident, although neither the manager nor his wife could confirm or deny that the puncture occurred.) A few days later petitioner developed a slight fever and did not feel well. On March 18, 1975, petitioner, on her day off, visited the office of Otto Gambacorta, M.D., an ear, nose and throat specialist. Petitioner chose this specialist, thinking her symptoms might relate to a tube which earlier had been implanted in her ear to correct a different problem. Dr. Gambacorta examined petitioner with respect to the ear problem, made several findings for which he prescribed medication, but also found that petitioner had a temperature of 100.2 degrees, for which he could not find a cause except that it was unrelated to her ear condition. Dr. Gambacorta suggested the names of three doctors whom petitioner might see to determine the cause of her fever. Petitioner did not seek the additional medical assistance, but returned to the ranch to her work. Thereafter, petitioner became more ill, was unable to eat,

lost weight and felt extremely fatigued. Her seasonal employment at the guest ranch ended around May 14, 1975, after which she returned to her home in San Diego. Once home, petitioner went to see an internal medicine specialist who hospitalized her from May 5 to June 2 or 3, 1975. Petitioner described the condition for which she was hospitalized as "bacteria on the heart . . . a rare ailment, most often from dental instruments or injection needles."

On August 4, 1975, petitioner filed a claim for workmen's compensation benefits, stating in a letter written on the reverse side of the claim form, that she believed the puncture of her finger at work was causally connected with the heart condition for which she was hospitalized in May, 1975. On September 4, 1975, respondent carrier denied the claim by Notice of Claim Status and petitioner then requested a hearing which was convened on May 28, 1976.

At that hearing the testimony of petitioner, as well as the manager of Rancho de la Osa and his wife, focused on whether the March, 1975, incident had in fact taken place. They also testified generally about the apparent state of petitioner's health during the 1975 work season.

The only medical witness, Dr. Gambacorta, limited his testimony to his findings on the March 18, 1975 examination. However, petitioner's counsel asked Dr. Gambacorta to comment on or define the medical condition "subacute bacterial endocarditis," but the doctor stated he was not qualified to answer the question and he had never examined petitioner for such a condition. It is important to note that no foundation had been laid for this question; there was no evidence whatsoever before the hearing officer that petitioner had this condition; indeed, there was only petitioner's description of her condition as bacteria on the heart to suggest any problem with petitioner's heart.

The hearing was closed after brief argument by counsel as to what issue was to be decided by the hearing officer. Petitioner's counsel argued that all that was necessary at that point was to establish that the puncture incident had occurred, whereas counsel for respondent argued that petitioner must present medical testimony showing that some damage had occurred by reason of the puncture incident. A decision upon hearing, affirmed on review, was thereafter issued, finding that petitioner had failed to sustain her burden of proof as to causation between the industrial incident and any medical disability or condition.

Petitioner now makes the same argument made before the hearing officer—a compensable claim was established by showing that she had punctured her finger at work. We disagree and note that acceptance of petitioner's interpretation of the burden upon her would promote piecemeal litigation in the extreme, a clearly undesirable result.

It is well settled that the burden was upon the petitioner to prove the compensability of the claim made. *Lee v. Industrial Commission*, 15 Ariz.App. 302, 488 P.2d 507 (1971); *Waller v. Industrial Commission*, 99 Ariz. 15, 406 P.2d 197 (1965). To prove compensability, the petitioner must establish all the elements of her claim. Among those elements are one, that there was an injury (this is not synonymous with an incident, as petitioner contends) and two, that the injury was causally related to the industrial incident, a fact which must be proved by competent medical evidence when the results of the incident are not apparent to a layman. *Lowry v. Industrial Commission*, 92 Ariz. 222, 375 P.2d 572 (1962); *Lamb v. Industrial Commission*, 27 Ariz.App. 699, 558 P.2d 727 (1976); *Eldorado Insurance Co. v. Industrial Commission*, 27 Ariz.App. 667, 558 P.2d 32 (1976).

If we accept, as apparently the hearing officer did, that petitioner punctured her finger while working for respondent employer, there is left unproven any compensable injury which would support an award. Clearly, expert medical testimony was lacking which would establish a causal connection between the puncture wound and the heart condition referred to as "subacute bacterial endocarditis."

Nevertheless, petitioner argues that the occurrence of the puncture wound, standing alone, is sufficient to entitle her to an award establishing compensability for the accident. We reject this however, since not only must petitioner prove an "injury," but it must be shown that it was accompanied by some loss or expense for it to be cognizable under the workmen's compensation law. A.R.S. § 23–1021(A) provides as follows:

Every employee coming within the provisions of this chapter who is injured, and the dependents of every such employee who is killed by accident arising out of and in the course of his employment, wherever the injury occurred, unless the injury was purposely self-inflicted, *shall be entitled to receive and shall be paid such compensation for loss sustained on account of the injury or death, such medical, nurse and hospital services and medicines, and such amount of funeral expenses in event of death, as are provided by this chapter.* (Emphasis supplied)

It is clear that in order to come within this statute, it is necessary to demonstrate loss or expense arising from the industrial accident. The concept is reflected in *Emery v. Industrial Commission*, 69 Ariz. 87, 210 P.2d 217 (1949), where it is stated that workmen's compensation is "to protect injured workmen from economic loss due to injuries attributable to the employment . . . ." As petitioner incurred no expense and sustained no loss referable to the puncture wound, she was not entitled to an award finding it to be compensable.

Affirmed.

JACOBSON, P. J., and OGG, J., concur.