NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MARTIN ACUNA, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

SPROUTS FARMER'S MARKET, LLC, *Respondent Employer*,

TRAVELERS INDEMNITY CO., *Respondent Carrier*.

No. 1 CA-IC 13-0049
FILED 03/13/2014

---

Special Action - Industrial Commission
ICA Claim No. 20121-560340
Carrier Claim No. 127CBEPE2878H

Michael A. Mosesso, Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

Snow, Carpio & Weekley, PLC, Phoenix
By Chad T. Snow

Toby Zimbalist, Attorney at Law, Phoenix
By Toby Zimbalist

*Co-Counsel for Petitioner*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade

*Counsel for Respondent*

Lester & Norton, PC, Phoenix
By Rachel Parise Brozina

*Counsel for Respondent Employer and Respondent Carrier*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Maurice Portley joined.

---

**N O R R I S,** Judge:

**¶1**      This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review denying the compensability of an injury claim reported by Petitioner, Martin Acuna. On appeal, Acuna argues he proved compensability of his claim through medical evidence which Respondent Employer and Respondent Carrier (collectively, "Respondents") failed to controvert with legally sufficient and unequivocal evidence.   Because the evidence presented by Respondents, however, was substantial, unequivocal, and supported the administrative law judge's ("ALJ") finding of noncompensability, we affirm the award. *See Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002) (appellate court considers evidence in light most favorable to upholding ALJ's award).

## FACTS AND PROCEDURAL HISTORY

**¶2**      Acuna worked as a produce clerk for Respondent Employer. On May 28, 2012, while lifting a 40 pound box of apples, Acuna felt a pop in his right shoulder.   Acuna immediately informed the store manager of the incident, and he sent Acuna to a health care provider ("provider") for treatment.  Acuna reported to the provider severe burning and stabbing pain in his right shoulder and a limp right arm with tingling down his arm to his hand.  At a follow up appointment with the provider on May 31, 2012, Acuna reported the same symptoms.

¶3         Acuna filed a workers' compensation claim, which the respondent carrier denied. He timely requested a hearing, and the ALJ held three hearings for testimony from Acuna, a co-worker, and two board-certified orthopedic surgeons -- Jeffrey S. Levine, M.D., who had examined Acuna at the request of Acuna's attorney, and Anthony Carl Theiler, M.D., who had examined Acuna at Respondents' request.

¶4         At the ICA hearing, Acuna testified he had not recovered from the May 28, 2012 injury and explained that from the date of the alleged injury to June 21, 2012 he "[p]retty much" continued to have the same problems and limited use of his right shoulder. He further testified he was still having constant gnawing pain that precluded him from activities above shoulder level, although he could perform "[r]elatively normal" activities below shoulder level to a "certain extent." Dr. Levine testified Acuna had also reported severe pain and difficulty in using his right arm. Based on what Acuna had told him, his own examination of Acuna, and his review of a June 16, 2002 MRI, Dr. Levine testified Acuna had sustained an industrial injury on May 28, 2012 and agreed it would be expected that Acuna would "have difficulty using his right upper extremity in doing activities of daily living."

¶5         Relying on surveillance videos of Acuna obtained by Respondents on June 9 and 11, 2012 that contradicted Acuna's description of the effects of his alleged shoulder injury,[1] the ALJ found Acuna "not credible," explaining Acuna "did not appear [in the video surveillance] on June 9, 2012 or June 11, 2012 to be restricted in his movements in the use of the right upper extremity." Finding "this observation [was] the same Dr. Theiler noted in his testimony," the ALJ then concluded, "based upon this and the adoption of Dr. Theiler's opinions[,] no injury occurred."

---

[1]In a surveillance video taken on June 9, 2012, Acuna could be seen driving himself to the grocery store, pushing a grocery cart with both arms, carrying keys in his right hand, and unlocking his car's trunk and loading groceries. In a June 11, 2012 surveillance video, Acuna could be seen using his right arm to unlock, open, and close his car's passenger door, holding his cell phone to his right ear while driving, and vigorously vacuuming the interior of his car. Respondents also introduced other surveillance videos of Acuna taken on August 16 and 18, 2012.

## DISCUSSION

¶6 In addition to considering the surveillance evidence, which the ALJ was entitled to rely on, *see, e.g.,* 7 Arthur Larson and Lex K. Larson, *Larson's Workers' Compensation Law* § 127.10, at 127-45 to -48 (rev. ed. 2013), the ALJ, as noted above, adopted Dr. Theiler's medical testimony and opinions instead of the testimony and opinions of Dr. Levine. Distancing himself from the surveillance evidence, Acuna first argues on appeal that he presented legally competent medical evidence from Dr. Levine, which the ALJ should have accepted because Respondents' opposing medical evidence -- presented through Dr. Theiler -- was not based on medical facts and was, therefore, legally insufficient to support the award. *See generally W. Bonded Prods. v. Indus. Comm'n,* 132 Ariz. 526, 527-28, 647 P.2d 657, 658-59 (App. 1982) (unless industrial accident causes injuries that are obvious to a layman, expert medical evidence is required to establish causal relationship between the accident and its alleged consequences); *Royal Globe Ins. Co. v. Indus. Comm'n*, 20 Ariz. App. 432, 434, 513 P.2d 970, 972 (1973) (to support an award, medical opinion must be based on findings of medical fact such as claimant's history, medical records, diagnostic tests, and examination). We disagree; Dr. Theiler based his opinions on medical facts.

¶7 Dr. Theiler reviewed the provider's records, the MRI, the surveillance videos, and examined Acuna on November 12, 2012. And, by the time of his hearing testimony, Dr. Theiler had also reviewed Dr. Levine's report. Based on the medical facts he obtained from his review of these materials and through his own examination of Acuna, Dr. Theiler testified Acuna exhibited extreme pain behavior during his examination, which was completely inconsistent with his behavior as shown on the surveillance videos and further agreed Acuna's actions as shown on the videos were "at odds" with what Acuna had reported to the provider. Dr. Theiler testified there was a "complete disconnect between the physical exam findings [made by the provider], the medical records, [his own] evaluation, and the activity performed [by Acuna] in a nonclinical setting." He concluded there was no "significant injury that [he] could relate to the incident described on [May 28, 2012]."[2]

---

[2]An "incident" is not synonymous with an "injury" for purposes of establishing a compensable claim. *See Yates v. Indus. Comm'n*, 116 Ariz. 125, 127, 568 P.2d 432, 434 (App. 1977).

¶8 Acuna next argues the ALJ should have adopted Dr. Levine's medical testimony and opinions because Dr. Theiler's testimony was equivocal and, therefore, legally insufficient to support the award. *See generally Rosarita Mexican Foods v. Indus. Comm'n,* 199 Ariz. 532, 535-36, ¶¶ 10, 13, 19 P.3d 1248, 1251-52 (App. 2001) (equivocal medical testimony will not support award; testimony is equivocal when subject to two or more interpretations or doctor avoids committing to a particular opinion). We disagree.[3]

¶9 First, contrary to Acuna's argument on appeal, Dr. Theiler was not equivocal in discussing the MRI based on what Acuna argues were inconsistencies between his report and hearing testimony. In his report, Dr. Theiler quoted the MRI findings:

> The radiologist's impression is as follows:
>
> . . . .
>
> 4. Severe tendinosis of rotator cuff tendons with moderate grade articular surface partial tearing of the supraspinatus, low-grade articular surface and interstitial tears of the infraspinatus and subscapularis tendons

Dr. Theiler then discussed those findings in his report in light of his own review of the MRI. He reported, "[t]here is tendinosis of the supraspinatus and infraspinatus tendons, but there is no significant partial-thickness tearing of either tendon," and "[t]here appears to be significant tendinosis of the long head of the biceps tendon with some partial tearing of the subscapularis tendon as well." At the hearing, Dr. Theiler testified, "[t]here was tendonosis, but there was *no significant* partial tearing or full-thickness tears." (Emphasis added). Both in his

---

[3]Respondents argue Acuna failed to raise this issue on administrative review, so he waived it on appeal. Although Acuna did not specifically mention equivocation in his request for review, he did question the adequacy of Dr. Theiler's opinion. Regardless, we review the accepted evidence of record to ascertain whether it supports the award. *See Stephens v. Indus. Comm'n,* 114 Ariz. 92, 95, 559 P.2d 212, 215 (App. 1977) (in absence of specific request for review, appellate court limits review to matters extant in the record and the sufficiency of the evidence to support the award).

report and in his testimony, he concluded the MRI demonstrated only preexisting degenerative changes in the right shoulder. Dr. Theiler was, thus, not equivocal in discussing the MRI.

**¶10** Similarly, Dr. Theiler was not equivocal as to whether any of the MRI findings regarding Acuna's rotator cuff and biceps tendon were acute. Although Dr. Theiler stated in his report it was "impossible to state whether any of the findings involving the rotator cuff and biceps tendon [were] acute," he also reported "the general appearance of the MRI scan of Mr. Acuna's right shoulder [was] chronic and degenerative in nature, and repeatedly emphasized the general appearance of the MRI scan was "chronic in nature." And, at the hearing, he confirmed his view that the MRI evidenced degenerative changes.

**¶11** Finally, Acuna argues the ALJ should have accepted Dr. Levine's testimony and opinions because Dr. Theiler misstated the mechanism of injury in both his report and testimony. Again, we disagree. Acuna testified he had been injured when he lifted a 40 pound box of apples to place on a cart. In his report, Dr. Theiler reported Acuna had told him he had been injured when he lifted a 40 pound box of apples. At the hearing, Dr. Theiler explained that even assuming Acuna had lifted the crate of apples from the floor there was "nothing on the MRI scan that would correlate with the severity of the subjective complaints."

**¶12** For the foregoing reasons, we affirm the award.



Ruth A. Willingham · Clerk of the Court
FILED: gsh