NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LENA E. RIVERA, *Petitioner Employee,*

v.

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

TERROS, INC., *Respondent Employer,*

COPPERPOINT INDEMNITY INSURANCE COMPANY, *Respondent Carrier.*

No. 1 CA-IC 18-0044
FILED 5-23-2019

Special Action - Industrial Commission
No.  ICA Claim No. 20170-550003
Carrier Claim No. 17-I00246
The Honorable Michelle Bodi, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Lena Elizabeth Rivera, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Gaetanno J. Testini
*Counsel for Respondent*

CopperPoint Indemnity Insurance Company, Phoenix
By Chiko F. Swiney
*Counsel for Respondent Employer and Respondent Carrier*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**J O N E S**, Judge:

**¶1**        In this statutory special action, Lena Rivera challenges an Industrial Commission of Arizona (ICA) award and decision upon review finding she was not entitled to further compensation for a February 2017 industrial injury.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In February 2017, Rivera fractured a toe on her right foot while working as an independent living skills specialist for Terros, Inc. (Employer).[1]  Employer's workers' compensation insurance carrier initially accepted Rivera's workers' compensation claim.  However, in July 2017, an orthopedic foot and ankle specialist determined, after a physical examination and evaluation of multiple radiographic studies, that Rivera's work-related injury was medically stationary and required no further treatment.  The specialist also concluded that Rivera had suffered no permanent impairment and was able to return to work without restrictions. Rivera protested the case closure, and the matter was set for hearing before the ICA.

---

[1]        We view the facts and all inferences to be drawn therefrom in the light most favorable to upholding the ICA's findings and award. *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 490-91, ¶ 2 (App. 2007) (quoting *Roberts v. Indus. Comm'n*, 162 Ariz. 108, 110 (1989)).

**¶3**       At the hearing before the administrative law judge (ALJ), Rivera testified she continued to experience pain and cramping in her right foot and leg, and these conditions caused her to fall and injure her right shoulder and left leg in August 2017.  Rivera related the August 2017 injuries, as well as an ingrown toenail and blood clotting issues, to the original February 2017 incident.  Rivera's treating podiatrist disagreed.  Additionally, Rivera's medical records indicated the August 2017 injuries occurred when she slipped in a puddle of water in her home and her ingrown toenail resulted from poor care of those injuries.

**¶4**       In April 2018, the ALJ found Rivera had failed to prove she required additional medical care related to the February 2017 incident or sustained any permanent impairment as a result of that injury.  The decision was affirmed upon review.  Rivera timely petitioned for special action review, and we have jurisdiction pursuant to Arizona Revised Statutes §§ 12-120.21(A)(2), 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

**¶5**       Rivera suggests the ICA's award and decision are unsupported by the evidence.  We will not disturb the award "unless it is wholly unreasonable."  *Royal Globe Ins. v. Indus. Comm'n*, 20 Ariz. App. 432, 434 (1973) (citing *Malinski v. Indus. Comm'n*, 103 Ariz. 213, 217 (1968)).

**¶6**       "To prove compensability, the claimant must establish all the elements of h[er] claim," including that the injury complained of is causally related to her employment.  *W. Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 527 (App. 1982) (citing *Yates v. Indus. Comm'n*, 116 Ariz. 125, 127 (App. 1977), and *Lamb v. Indus. Comm'n*, 27 Ariz. App. 699, 701 (1976)).  Moreover, "[i]t has long been the law of this jurisdiction that where the result of an accident is not clearly apparent to a layman, [the causal connection] must be determined by expert medical testimony."  *Id.* (collecting cases).  As this Court has previously stated:

> The reasons for this rule are obvious.  A lay person does not possess the knowledge necessary to make an accurate diagnosis or to describe a condition's etiology.  Even a logical interpretation of events surrounding the industrial incident and claimant's ensuing complaints, when made by a layman, is no more than speculation.

*Id.* And, speculative testimony is insufficient to support an award. *See Hackworth v. Indus. Comm'n*, 229 Ariz. 339, 343, ¶ 10 (App. 2012) (citations omitted).

**¶7** Rivera did not present any evidence of a causal connection between her ongoing complaints, the August 2017 injuries, and the February 2017 incident beyond her own untrained, contradictory, and self-serving testimony. On this record, we cannot say the ALJ abused her discretion in determining Rivera failed to meet her burden of proof. *See W. Bonded Prods.*, 132 Ariz. at 528 (setting aside an ICA award where "absolutely no evidence was presented on this issue" of causation) (citing *Moore v. Indus. Comm'n*, 16 Ariz. App. 284, 287 (1972)).

**¶8** Rivera also disagrees with the conclusion contained in the orthopedic specialist's July 2017 written evaluation. Although an ALJ is generally tasked with resolving disputes in medical testimony, *see Hackworth*, 229 Ariz. at 343, ¶ 9 (citing *Stainless Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19 (1985)), no genuine conflict in the medical testimony exists here; neither the specialist nor Rivera's treating podiatrist related her ongoing complaints to the February 2017 incident. Thus, the ALJ was bound to accept the undisputed conclusion that Rivera's current complaints are unrelated to the industrial injury. *See id.* (citing *Crystal Bottled Waters v. Indus. Comm'n*, 174 Ariz. 184, 185 (App. 1993)).

## CONCLUSION

**¶9** The ICA decision and award are affirmed.

