NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROXANE RICHARDS, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

COMPASS GROUP/BANK ADMIN, *Respondent Employer*,

NEW HAMPSHIRE INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 19-0015
FILED 2-20-2020

Special Action - Industrial Commission
ICA Claim No. 20172-860066**
No. 20172-860070*
Carrier Claim No. 003531-090120-WC-01*
Unknown**
The Honorable Marceline A. Lavelle, Administrative Law Judge

**AWARD AFFIRMED**

APPEARANCES

Roxane Richards, Peoria
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Jardine, Baker, Hickman & Houston, PLLC, Phoenix
By Stephen C. Baker
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Kenton D. Jones and Judge D. Steven Williams joined.

---

**B R O W N**, Judge:

¶1       Roxane Richards appeals from an award issued by the Industrial Commission of Arizona ("ICA") denying her two claims for compensation for work-related injuries. The Administrative Law Judge ("ALJ") denied both claims, finding in one instance that the injury Richards suffered was not work-related, and in the other, a compensable injury did not occur. For the following reasons, we affirm the award.

## BACKGROUND

¶2       Richards has a disorder that causes her to have frequent seizures, sometimes losing consciousness. In December 2016, she was working at a sports arena as a cashier. While walking from a parking garage to the arena before her shift started, she had a seizure and lost consciousness, falling to the ground. When she regained consciousness, she discovered she had bruised her right knee and hurt her left ring finger. A medical examination later revealed that Richards suffered a broken finger, and her hand was put in a temporary cast. She filed a claim for worker's compensation benefits. Respondents Compass Group/Bank Admin and New Hampshire Insurance Company denied the claim.

¶3       In September 2017, Richards was at work in a meeting with other co-workers when one of them came up behind her and, according to the co-worker, playfully slapped Richards' cheek with her hand. Richards described the incident as a "hit" in the head from behind but admitted she did not see what hit her. Richards immediately turned around and was angry with the co-worker. Soon after, she had a seizure and was taken to a hospital. Richards then complained of migraine headaches. She filed another worker's compensation claim, alleging she suffered a concussion and had headaches that were caused by the incident. Respondents denied that claim as well.

2

¶4            At a hearing on the consolidated claims, the ALJ heard from four medical experts. Dr. Holly Yancy is a neurologist and headache specialist who treated Richards starting in September 2017 after the second incident. Before that incident, Richards had a history of headaches and had been referred to Dr. Yancy by a different neurologist. Richards explained to Dr. Yancy that the headaches had gone away and she now had migraine headaches due to the September 2017 incident. Dr. Yancy gave Richards medication and scheduled her for a nerve block, which gave her temporary relief until a medication was found that helped Richards have fewer headaches. When asked if the cause of Richards' condition for which Dr. Yancy treated her was the September 2017 incident, Dr. Yancy testified that it was "possible" and that there was a "probability" that Richards suffered a concussion from the incident. Dr. Yancy admitted, however, that another possible cause for the headaches could have been that Richards had elected to stop taking a medication the other neurologist had prescribed for her.

¶5            Dr. Jonathan Macknin, an orthopedic surgeon, testified that he treated Richards for a fractured finger in December 2016; an injury that resulted from the first incident. He testified he was not aware it was work-related, and gave Richards no work restrictions. His understanding of how she hurt her hand was that she had a seizure and fell, injuring her left hand.

¶6            Dr. Gary Dilla, a specialist in physical medicine and rehabilitation, testified for Respondents. He examined Richards in March 2018, focusing on the September 2017 incident. He also reviewed her medical records related to that incident. Richards told him that her injuries from that incident were headaches, pain in the right side of her neck and shoulder, and some back pain. Based on his examination and records review, he found no objective evidence that her musculoskeletal system was injured from the September 2017 incident.

¶7            Finally, Dr. John Powers, a neurologist, performed an independent medical exam in March 2018, focusing on the neurological part of Richards' claims. He noted that she experienced seizures from a young age, including "passing out," and reported a history of migraine headaches. He explained that medical records from 2014 showed Richards did not have epilepsy, and concluded her seizures were psychologically generated. He did not find any evidence that her work caused the seizure she had in December 2016 that caused her to fall and break her finger. Nor did he find any objective evidence that Richards' neurological condition changed after the September 2017 incident from what it had been before.

**¶8**        The ALJ found that the December 2016 seizure that caused her finger injury did not arise out of and in the course of Richards' employment, based upon the facts as related by Richards.  The ALJ also found Richards had not shown an injury that arose out of the September 2017 incident.  After reviewing the award, the ALJ affirmed her decision.  Richards then sought review in this court.

### DISCUSSION

**¶9**        In reviewing the ICA's award and findings, we defer to the ALJ's factual findings but review legal questions de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003).  To establish a compensable claim, an injured worker must prove the injury suffered was causally related to the industrial accident, "which must be proved by competent medical evidence when the results of the incident are not apparent to a layman." *Yates v. Indus. Comm'n*, 116 Ariz. 125, 127 (App. 1977) .  The ALJ must resolve conflicting evidence and "determine which of the conflicting testimony is more probably correct," a particularly important duty when there is a conflict in expert testimony. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975). When the ALJ resolves such a conflict, we will not disturb that conclusion unless it is wholly unreasonable. *Royal Globe Ins. Co. v. Indus. Comm'n*, 20 Ariz. App. 432, 434 (1973).

**¶10**        An injury is compensable if it occurs "by accident arising out of and in the course of . . . employment."  A.R.S. § 23-1021.  An accident includes "any unexpected, injury-causing event" connected to employment. *Dugan v. Am. Express Travel Related Servs. Co.*,  185 Ariz. 93, 99 (App. 1995) (citations omitted).  In general, the "course of employment" element pertains to the time, place, and circumstances of the injury, while the "arising out of" element pertains to the cause of the injury relevant to the employment. *Royall v. Indus. Comm'n*, 106 Ariz. 346, 349 (1970) (citations omitted).   Whether an injury "arose out of and in the course of employment" is a question of law for de novo review.  A.R.S. § 23-1021(A); *PF Chang's v. Indus. Comm'n*, 216 Ariz. 344, 347, ¶ 13 (App. 2007).

**¶11**        On appeal, Richards re-argues the evidence from the hearing. Because we do not re-weigh the evidence on appeal, *Simpson v. Indus. Comm'n*, 189 Ariz. 340, 342 (App. 1997), we do not consider these arguments.[1]  Instead, we have reviewed the record to confirm that the ALJ

---

[1]        Richards also suggests that two lay witnesses were not allowed to testify about the September 2017 incident, but she does not make any

properly applied the law and that reasonable evidence supports the decision.

¶12 The record does not reveal any connection to employment for the injury Richards sustained in December 2016. There is no evidence that the seizure she experienced was caused by her employment and, thus, the injuries caused by the fall are not work-related. As for the September 2017 incident, while it occurred at her place of work, the ALJ found that no injury resulted from that event. We conclude that reasonable evidence supports that finding, including Dr. Powers testimony and Richards' history of headaches before the event.

## CONCLUSION

¶13 Petitioner has failed to show that her injury from the December 2016 incident was work-related or that she sustained an injury from the work-related incident she experienced in September 2017. We therefore affirm the award.



AMY M. WOOD • Clerk of the Court
FILED: AA

argument as to how their testimony might have affected the decision. Because we conclude that Richards failed to provide medical evidence that showed she sustained an injury from that event, the testimony of those lay witnesses would not have been probative of the factor she needed to prove.