NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOSE DONIS CASTILLO, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

BARLOW, *Respondent Employer*,

COPPERPOINT INSURANCE CO, *Respondent Carrier*.

No. 1 CA-IC 19-0049
FILED 6-30-2020

Special Action - Industrial Commission
ICA Claim No. 20181-970103
Carrier Claim No. 300695
The Honorable Marceline A. Lavelle, Administrative Law Judge

**AFFIRMED**

COUNSEL

Jose Donis Castillo, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

CopperPoint Insurance Companies, Phoenix
By Deborah E. Mittelman
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

**¶1**        Jose Donis Castillo petitions for special action review of an Industrial Commission of Arizona decision finding his condition to be stationary without permanent impairment. We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        Castillo fell backwards from a loading dock in June 2018, injuring his back while working for Respondent Barlow Company, Inc. He was treated at a local emergency room and referred to a clinic. He received pain medication. Castillo claimed he fractured a bone, but imaging showed no fracture. Castillo returned to work a few days later on "light duty." About two months later, he visited a doctor who found the injury should have healed and Castillo was reporting more pain than would be expected for the injury. In the end, this doctor concluded that Castillo's complaints were unsupported by objective findings.

**¶3**        Respondent CopperPoint Insurance Company accepted and later closed the claim in December 2018 with no permanent impairment after conducting its own independent medical examination ("IME") in November 2018. The IME concluded that Castillo was stationary with no work restrictions, reporting that Castillo suffered a healing contusion. Castillo challenged the decision. A hearing was scheduled. Castillo was told to provide supporting medical records at least 25 days before the hearing. He submitted none. Respondent filed the IME's medical reports. Only Castillo testified at the hearing. He said he continued to have lower back pain, which affected his ability to perform routine tasks. He also said a specialist had performed x-rays and recommended surgery. The ALJ gave Castillo three more days to file medical records and a written request for a doctor to testify. Castillo filed nothing. The ALJ closed the record.

¶4 The ALJ issued a decision based on the evidence and testimony, finding that Castillo was medically stationary without permanent impairment or need for continued supportive care. Two days later, Castillo filed medical records. The ALJ reaffirmed the decision, concluding that Castillo "offered no explanation for his failure to comply with the deadline." Castillo petitioned for special action review. This court accepted review. We have jurisdiction under A.R.S. §§ 12-120.21(A)(2), 23-951(A) and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

¶5 An opening brief must contain a "statement of the issues presented for review" and advance arguments on those issues with supporting legal authority and citations to the record. ARCAP 13(a)(6)—(7); Ariz. R.P. Spec. Act. 10(h)(k) (applying ARCAP 13 to petitions for special action review). Instead of an opening brief, Castillo filed a collection of documents, including many documents not entered in the record below. He presents no issues for review, no statement of facts, no citations to the record and no legal argument. A self-represented litigant must meet the same rules as represented litigants. *See Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000).

¶6 We exercise our discretion, however, to review the record and reach a decision. We will not set aside an ALJ's award unless it "cannot be supported by any reasonable theory of the evidence." *Gamez v. Indus. Comm'n*, 213 Ariz. 314, 315, ¶ 9 (App. 2006). We defer to an ALJ's factual determinations, *Brown v. Indus. Comm'n*, 199 Ariz. 521, 523, ¶ 10 (App. 2001), and view the evidence in the light most favorable to upholding the ALJ's award, *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

¶7 The record includes ample evidence to support the ALJ's decision. Castillo bore the burden of establishing each element of a claim. *Yates v. Indus. Comm'n*, 116 Ariz. 125, 127 (App. 1977). Respondent filed medical records, including an IME report. Castillo presented no expert testimony or timely medical records.

**CONCLUSION**

¶8        We affirm the ALJ's award and decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA