647 P.2d 657

**WESTERN BONDED PRODUCTS, Petitioner Employer,**

**State Compensation Fund, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Warren H. Backus, Respondent Employee.**

**No. 1 CA–IC 2583.**

Court of Appeals of Arizona, Division 1, Department C.

June 15, 1982.

Robert K. Park, Chief Counsel, State Compensation Fund by Christopher E. Kamper, Phoenix, for petitioner employer and petitioner carrier.

Andrew M. Hull, Phoenix, for respondent employee.

James A. Overholt, Acting Chief Counsel, Phoenix, for respondent The Industrial Com'n of Ariz.

OPINION

HAIRE, Judge.

The sole issue in this review of an award entered by the respondent Commission is whether the administrative law judge erred in inferring from lay testimony that claimant's back injury was causally related to an incident which occurred during his employment.

Claimant filed a claim for workmen's compensation benefits on May 6, 1980 alleging that he was injured on March 3, 1980 while unloading a truck for his employer. The carrier denied the claim by notice of claim status stating that there was insufficient evidence to establish a compensable claim. Hearings were thereafter held at the request of the claimant at which the claimant, his wife, the employer's warehouse manager, a medical doctor and a chiropractor testified. Claimant testified that as he was helping the warehouse manager unload carpet pad from a truck, a roll of the

pad hit him in the back of the head, threw him forward and knocked him down. He continued working that day although he had headaches and neck pain. Two or three days after the accident, he began to experience low back pain. Nonetheless, he continued to work until approximately April 24th when he first sought medical treatment. The warehouse manager corroborated claimant's account of the incident with the carpet pad, but stated that after the day of the incident, claimant never complained of pain. The medical doctor testified that he examined claimant on December 8, 1980 and found nothing objectively wrong with him. The chiropractor testified that claimant suffered a severe traumatic injury to the cervical, dorsal and lumbar spine. As of claimant's last visit to him, the chiropractor believed that claimant had a five percent permanent partial disability. The chiropractor did not testify as to any relationship between the industrial incident and claimant's medical problems.

At the closing of the hearings the following exchange occurred:

"MR. KAMPER [carrier's counsel]: He's offered no—he's offered no testimony that his treatment was related to the injury sustained in the industrial injury. He did not offer a bit of testimony. He did not offer an opinion that the condition he treated was related to that injury.

\* \* \* \* \* \*

"MR. HULL [claimant's counsel]: I'd have to look back through my testimony. As far as the testimony goes, I think there's quite enough testimony there that the man was injured and that the treatments he sought were related to the injury in question.

"MR. KAMPER: The Doctor didn't testify to that.

"THE JUDGE: The Doctor stated he treated him for trauma to the cervical, dorsal, lumbar spine. I have difficulty that there is no evidence of any other trauma being in this case other than the fact that he had that injury to his neck."

The administrative law judge thereafter issued his decision and award finding that claimant had suffered a compensable claim. He found in part:

"9. ... Although Dr. Feise did not causally relate such incident to his diagnosis and/or treatment, it would appear only logical to infer that applicant did sustain at least a cervical injury as a result of March 3, 1980 injury."

The award was affirmed on administrative review and this special action followed.

The petitioner carrier raises only one issue: whether the claimant met his burden of proof of showing that his impairment is causally related to his employment.

To prove compensability, the claimant must establish all the elements of his claim. Among these elements are that claimant suffered an injury and that the injury was causally related to his employment. *Yates v. Industrial Commission,* 116 Ariz. 125, 568 P.2d 432 (App.1977); *Lamb v. Industrial Commission,* 27 Ariz.App. 699, 558 P.2d 727 (1976). It has long been the law of this jurisdiction that where the result of an accident is not clearly apparent to a layman, these two elements must be determined by expert medical testimony, *e.g., Caekos v. Stanley Fruit Company,* 55 Ariz. 72, 98 P.2d 471 (1940); *Eldorado Insurance Co. v. Industrial Commission,* 27 Ariz.App. 667, 558 P.2d 32 (1976); *Lamb v. Industrial Commission, supra; Yates v. Industrial Commission, supra; Reynolds Metals Company v. Industrial Commission,* 119 Ariz. 566, 582 P.2d 656 (App.1978); *Verdugo v. Industrial Commission,* 114 Ariz. 477, 561 P.2d 1249 (App.), *cert. denied,* 434 U.S. 863, 98 S.Ct. 194, 54 L.Ed.2d 137 (1977); *Miller v. Industrial Commission,* 114 Ariz. 449, 561 P.2d 773 (App.1977); *Bilbrey v. Industrial Commission,* 27 Ariz.App. 473, 556 P.2d 27 (1976). The reasons for this rule are obvious. A lay person does not possess the knowledge necessary to make an accurate diagnosis or to describe a condition's etiology. Even a logical interpretation of events surrounding the industrial incident and claimant's ensuing complaints, when made by a layman, is no more than speculation.

The two most often cited examples of injuries which *are* clearly apparent to laymen both in their existence and causal relationship to the industrial accident, are the loss of a limb or an external lesion. While there may be other such injuries that are readily apparent to a layman, typical conditions of the back and spine clearly are not. *See Lamb v. Industrial Commission, supra; Montgomery v. Industrial Commission,* 7 Ariz.App. 109, 436 P.2d 621 (1968); *Stephens v. Industrial Commission,* 114 Ariz. 92, 559 P.2d 212 (App.1977). As we said in *Eldorado Insurance Co. v. Industrial Commission* :

> "The human back is certainly in this category. We doubt that a correct diagnosis of a back condition can be arrived at by a layman in very many instances through 'logical inference.' Logic without expert knowledge in this field can be tantamount to speculation." 27 Ariz. App. at 670, 558 P.2d at 35.

Thus, we must again reject and express our disapproval of any holding to the contrary in *Estes Corporation v. Industrial Commission,* 23 Ariz.App. 370, 533 P.2d 678 (1975) and *State Compensation Fund v. Mohrman,* 18 Ariz.App. 447, 503 P.2d 405 (1972) and follow the well-reasoned and long-standing rule that expert medical evidence was required in this case to show the causal relationship between claimant's medical condition and the industrial incident. Since absolutely no evidence was presented on this issue, the award must be set aside. *Moore v. Industrial Commission,* 16 Ariz.App. 284, 492 P.2d 1222 (1972).

EUBANK, P. J., and CONTRERAS, J., concur.