NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

RUBEN A. GOMEZ, JR., *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

TRW, *Respondent Employer,*

AIG CASUALTY CO, C/O BROADSPIRE, *Respondent Carrier.*

No. 1 CA-IC 14-0023
FILED 12-18-2014

---

Special Action - Industrial Commission
ICA Claim No. 20122-410614
Carrier Claim No. 9000894544

J. Matthew Powell, Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

Taylor & Associates, PLLC, Phoenix
By Weston S. Montrose
*Counsel for Petitioner*

The Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent ICA*

Jones, Skelton & Hochuli, PLC, Phoenix
By Gregory L. Folger, Jennifer B. Anderson
*Co-Counsel for Respondent Employer and Carrier*

---

### MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

---

**W I N T H R O P**, Judge:

**¶1**　　　This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for temporary disability benefits.　One issue is presented on appeal:　whether the opinion offered by Terry McLean, M.D. on the lack of permanent impairment was legally sufficient, and whether the administrative law judge ("ALJ") erred by adopting such opinion.　Because we find Dr. McLean's opinion legally sufficient to support the award, we affirm.

### JURISDICTION AND STANDARD OF REVIEW

**¶2**　　　This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2003), 23-951(A) (2012), and Arizona Rules of Procedure for Special Actions 10 (2009).[1]　In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law *de novo*.　*Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003).　We consider the evidence in a light most favorable to upholding the ALJ's award.　*Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

### PROCEDURAL AND FACTUAL HISTORY

**¶3**　　　The petitioner employee ("claimant") had worked for the respondent employer TRW for eighteen years.　On August 17, 2012, he was working as a laser technician repairing and refurbishing equipment on a

---

[1]　　Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

production line. In order to remove a ground strap from his boot,[2] the claimant placed his left foot on the second rung of an A-frame ladder. He stated that when he bent forward, he immediately felt a pop in his back followed by a stabbing, burning pain from his left lower back all the way down his legs.

¶4        Paramedics took the claimant to the hospital where he received an injection and pain medication and was released to follow-up at Concentra. He filed a workers' compensation claim, which was accepted for benefits. Claimant was thus eligible to receive temporary disability and medical benefits. Concentra provided the claimant with pain medication, anti-inflammatories, and physical therapy. At his October 17, 2012 appointment, the claimant was released to light duty. The respondent carrier, AIG Casualty Company ("AIG"), then sent the claimant to Atul Patel, M.D., for an independent medical examination ("IME"). Based on Dr. Patel's reports,[3] AIG issued a notice of claim status ("NCS") closing the claimant's claim with no permanent impairment.

¶5        The claimant timely requested an ICA hearing. Three hearings were held, and the ALJ heard testimony from the claimant, a coworker, Michael Winer, M.D., and Dr. McLean. The doctors did not agree regarding whether the industrial incident aggravated a preexisting injury, thereby contributing to the need of continued medical care. The ALJ resolved the medical opinion conflict in favor of Dr. McLean and Dr. Patel, indicating their opinions were "probably more correct in this instance than those of Dr. Winer." The ALJ further stated, "both Dr. McLean and Dr. Patel concluded that the applicant's condition relative to the industrial injury was stationary with no permanent impairment and without a need for work restrictions or supportive medical care by October 31, 2012." Accordingly, the ALJ entered an award finding the claimant stationary with no permanent impairment. The claimant timely requested administrative review, but the ALJ summarily affirmed his award. The claimant next brought this appeal.

**ANALYSIS**

¶6        The claimant argues that the ALJ erred by relying on Dr. McLean's medical opinion to deny him continuing medical benefits,

---

[2]        The claimant testified that these straps are used to prevent static build up.

[3]        Dr. Patel authored an IME report on October 31, 2012, and a supplemental report on November 19, 2012.

because such opinion lacked a legally sufficient foundation. The alleged foundational deficiency is Dr. McLean's purported refusal to accept that the claimant sustained an industrial injury on August 17, 2012. Because this fact was previously established and became final, Dr. McLean could not disregard it. *See Aldrich v. Indus. Comm'n*, 176 Ariz. 301, 306, 860 P.2d 1354, 1359 (App. 1993) (stating a final NCS accepting compensability triggers preclusion).

¶7 In order to be entitled to receive continuing medical benefits, the claimant had the burden of proving that his physical condition was causally related to the industrial injury and that he was not yet medically stationary. *See, e.g., Lawler v. Indus. Comm'n,* 24 Ariz. App. 282, 284, 537 P.2d 1340, 1342 (1975). Back and spine injuries typically require expert medical testimony to demonstrate the causal connection between the claimant's medical condition and the industrial accident. *Western Bonded Prod. v. Indus. Comm'n,* 132 Ariz. 526, 527-28, 647 P.2d 657, 658-59 (App. 1982).

¶8 This court has recognized that "medical testimony can be so weakened by proof of an inaccurate factual background that the testimony cannot be said to constitute 'substantial evidence,'" but not every factual inaccuracy will undermine a doctor's opinion and warrant its disregard. *See Desert Insulations v. Indus. Comm'n,* 134 Ariz. 148, 151, 654 P.2d 296, 299 (App. 1982) (citations omitted); *see also Fry's Food Stores v. Indus. Comm'n*, 161 Ariz. 119, 122, 776 P.2d 797, 800 (1989).

¶9 In reaching an ICA award, the ALJ considers all relevant evidence, both testamentary and documentary. *See Perry v. Indus. Comm'n*, 112 Ariz. 397, 398, 542 P.2d 1096, 1097 (1975). In this case, Dr. McLean authored two written reports, which were placed in evidence, and he testified at an ICA hearing. The claimant argues that Dr. McLean's opinion is undermined by the following testimony on cross-examination:

> [Claimant's Attorney:] Okay. So it seems like you're having a semantic struggle with calling [bending over to remove a strap] an injury. Is that what you're saying?
>
> [Dr. McLean:] Well, yeah. In my opinion, I don't think it constitutes an injury.

¶10 On direct examination, Dr. McLean noted that diagnostic studies of the claimant's lumbar spine revealed multi-level preexisting degenerative changes. He testified that the described mechanism of injury, "simply putting your foot on the second rung of a ladder and undoing a

Velcro strap," had insufficient biomechanical force to cause all of the claimant's "significant subjective complaints" or "any permanent aggravation" of the claimant's preexisting degenerative condition.

¶11          The doctor's hearing testimony is consistent with his IME report and addendum. Dr. McLean noted that the claimant's August 22, 2012 lumbar MRI scan revealed "multilevel degenerative changes," and "all of the findings on all of his MRI scans were preexisting . . . ." Dr. McLean further stated:

> In addition, as I had pointed out, as well as Dr. Patel pointed out his mechanism of injury what would be described as a trivial mechanism of injury. That is to say, it does not cause any significant biomechanical stress upon the lumbar spine that would have permanently aggravated his preexisting severe facet arthropathy.

¶12          A symptomatic aggravation of a preexisting condition, which requires additional medical treatment or results in additional disability, can constitute a compensable claim. *See Indus. Indem. Co. v. Indus. Comm'n,* 152 Ariz. 195, 199, 731 P.2d 90, 94 (App. 1986); *Mandex, Inc. v. Indus. Comm'n,* 151 Ariz. 567, 570, 729 P.2d 921, 924 (App. 1986). But to establish a permanent impairment of a preexisting condition, the claimant has the burden of showing more than a temporary aggravation of the underlying condition; he must show that the industrial injury caused an aggravation which has not terminated and continues to contribute to his ongoing disability. *Arellano v. Indus. Comm'n,* 25 Ariz. App. 598, 604, 545 P.2d 446, 452 (1976).

¶13          If Dr. McLean had been asked for an opinion as to whether the claimant sustained an industrial injury on August 17, 2012, he may have said no. But compensability was not at issue when he testified. Instead, he was asked if the claimant's industrial injury required additional active medical treatment, and if not, whether it had resulted in a permanent impairment. In that regard, he testified:

> [Defendant's Attorney:] … [W]hat is your assessment with respect to the existence, number one, of a spondylolisthesis, and number two, whether that, in terms of medical probability, could have been aggravated on a permanent basis . . . ?

[Dr. McLean:]  Well, again, as I pointed out, I felt that the mechanism of injury was what I would describe as trivial and without any substantial biomechanical forces of significance that would cause any permanent aggravation of any condition.  That's number one.

Number two, there was evidence of some degenerative spondylolisthesis at L4-5.  It was minimal.  It was only two or three millimeters.  And did not find -- at L5-S1 there was foraminal stenosis bilaterally but it was without any significant L5 root compression. . . .

So this is a case, as Dr. Patel had mentioned, that the Claimant's presentation is not consistent with the radiographic findings nor of any permanent aggravation. . . .

. . . .

[Defendant's Attorney:]  So do you have an opinion, after you've reviewed everything now, as to whether or not [the claimant] was medically stationary as of the date Dr. Patel saw him?

[Dr. McLean:]   I still believe that he was medically stationary at the time of Dr. Patel's IME.

[Defendant's Attorney:]  And was there any ratable impairment resulting from this incident?

[Dr. McLean:]  No, there was not.  Not in my opinion.

¶14        Although Dr. Winer testified that the claimant's condition was not stationary, the ALJ resolved the medical conflict in favor of Drs. McLean and Patel.  Dr. Patel also examined the claimant and reviewed his industrially related treatment records and diagnostic tests.  He opined that the claimant's industrially-related condition was permanent and stationary, with no permanent impairment, and that he could return to his regular employment.  "[T]here is no basis from the standpoint of the work related incident that any further treatment is clinically indicated."

¶15        In considering Dr. McLean's testimony and reports, we conclude that his pertinent opinions — that the claimant was stationary as of October 31, 2012, and had not sustained any permanent injury causally related to an industrial event — are not fatally undermined by his statement

that he did not consider this event to be an "injury."   Similarly, the ALJ reasonably determined in his decision upon hearing that "both Dr. McLean and Dr. Patel concluded that the applicant's condition relative to the industrial injury was stationary with no permanent impairment and without a need for work restrictions or supportive medical care by October 31, 2012."  This court has previously recognized that an ALJ is not bound to accept or reject an expert's entire opinion, but instead, is free to combine portions of the expert testimony in a reasonable manner.  *Fry's Food Stores v. Indus. Comm'n*, 161 Ariz. 119, 123, 776 P.2d 797, 801 (1989).

## CONCLUSION

¶16      For all of the foregoing reasons, we affirm the award.



Ruth A. Willingham · Clerk of the Court
FILED: gsh