NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TERE Y. BAIZE, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

MOVADO GROUP, INC., *Respondent Employer*,

WESTERN CLAIMS SERVICES CENTER, *Respondent Carrier*.

No. 1 CA-IC 17-0072
FILED 10-4-2018

Special Action – Industrial Commission
No.  20161-240161
INSCA No. 047516015144
The Honorable Robert F. Retzer, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Tere Y. Baize, Phoenix
*Petitioner/Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Goering Roberts Rubin Brogna Enos & Treadwell-Ruben, P.C., Tucson
By Pamela A. Treadwell-Rubin
*Counsel for Respondent Employer and Respondent Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**J O N E S**, Judge:

**¶1**		In this statutory special action, Tere Baize challenges an Industrial Commission of Arizona (ICA) award and decision upon review finding her back injury was not compensable. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**		Baize began working as a part-time sales associate at a retail store owned by Movado Group, Inc. (Movado) in January 2016.[1] On February 18, 2016, Baize arrived for her eleventh shift at Movado complaining of back pain, which she attributed to "kicking off her blankets" while home sick the previous weekend. Another employee helped her perform the closing procedures that evening, which involved five to ten minutes of bending and squatting to close jewelry cases. Baize was sent home early the following day and never returned to work. She did continue to work at her second job, however, as a receptionist at a senior living facility, through May.

**¶3**		On February 19, Baize visited a chiropractor and reported back pain that began on February 14. Six days later, Baize visited the

---

[1]		We view the facts and the inferences to be drawn therefrom in the light most favorable to upholding the ICA's findings and award. *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 490-91, ¶ 2 (App. 2007) (quoting *Roberts v. Indus. Comm'n*, 162 Ariz. 108, 110 (1989)).

2

emergency room, where she complained of lower back pain and numbness and tingling in her left leg that began two weeks before "while lifting her [left] leg to move blankets off of her." A February 2016 X-ray showed mild degenerative changes and mild disc space narrowing at the L5-S1 vertebrae; a March 2016 MRI showed a protruding disc at this location.

¶4 The workers' compensation insurer denied Baize's claim for benefits in April 2016. Baize then filed an injury claim with the ICA, alleging she had injured her lower back on February 18 after "[r]epeated bending and lifting" during store closing procedures.

¶5 After examining Baize, reviewing her medical records, and watching a surveillance videotape of Baize performing the closing procedures on the alleged date of injury, Jon Zoltan, M.D., opined Baize's back pain was not related to her employment at Movado. Although the MRI showed a herniated disk at L5-S1, Dr. Zoltan was unable to make that diagnosis because Baize's subjective complaints were not consistent with his clinical examination or the radiological report. Moreover, the video of the closing activities did not depict any acute injury or activity "demonstrat[ing] stresses to neck muscles, ligaments, disks, bones, and nerves" that would lead to a gradual or repetitive-use injury. Thus, Dr. Zoltan concluded it was more likely Baize's injuries were caused by either kicking off her blankets or working as a house cleaner.

¶6 In contrast, Baize's treating physician, Michael Steingart, D.O., testified her injury and symptoms could have been caused by repetitive bending and squatting. He did not, however, watch the surveillance video; nor was he aware that Baize was only briefly employed at Movado, that she had previously attributed the injury to kicking blankets, or that she continued working at a second job.

¶7 In September 2017, the administrative law judge (ALJ) noted a conflict in the medical testimony but accepted Dr. Zoltan's opinion "as being most probably correct and well-founded." Accordingly, the ALJ issued a decision denying Baize's claim as noncompensable. That decision was affirmed upon review. Baize timely requested review, and we have jurisdiction pursuant to Arizona Revised Statutes §§ 12-120.21(A)(2), 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

**¶8**        Baize argues the ICA's award and decision are unsupported by the evidence.[2]  We disagree.

**¶9**        "To prove compensability, the claimant must establish all the elements of h[er] claim," including that she has "suffered an injury and that the injury was causally related to [her] employment."  *W. Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 527 (App. 1982).  Medical causation, at issue here, "requires proof that the employment caused or contributed to the injury," which must be established by expert testimony if "the cause of an injury is not apparent to a lay person."  *Hackworth v. Indus. Comm'n*, 229 Ariz. 339, 343, ¶ 9 (App. 2012) (citations omitted).

**¶10**       Although the ICA heard conflicting evidence and expert medical testimony regarding the nature and cause of Baize's injuries, the ALJ is the trier of fact tasked with resolving such conflicts.  *Post v. Indus. Comm'n*, 160 Ariz. 4, 8 (1989) (citing *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975), and *Phelps Dodge Corp. v. Indus. Comm'n*, 121 Ariz. 75, 77 (App. 1978)).  "Where more than one inference may be drawn, the [ALJ] may choose either, and this Court will not disturb the [ALJ]'s conclusion unless it is wholly unreasonable."  *Royal Globe Ins. v. Indus. Comm'n*, 20 Ariz. App. 432, 434 (1973) (citing *Malinski v. Indus. Comm'n*, 103 Ariz. 213, 217 (1968)).

**¶11**       The ALJ exercised his authority and resolved the conflict presented here by adopting Dr. Zoltan's opinions and was not unreasonable in doing so.  Dr. Zoltan, a board-certified orthopedic surgeon, performed a physical examination of Baize and reviewed Baize's medical history as well as a surveillance video of the activities that she claimed caused her injuries.  Despite this conscientious review, Dr. Zoltan was

---

[2]       Baize also suggests that: (1) the ICA erred in admitting certain evidence, and (2) Movado and its insurer acted in bad faith and engaged in a conspiracy to prevent her from receiving workers' compensation benefits by not providing her appropriate guidance and assistance with the claim process.  She does not develop these arguments within her brief beyond generalized complaints, and they are waived.  *See MT Builders, L.L.C. v. Fisher Roofing, Inc.*, 219 Ariz. 297, 304, ¶ 19 n.7 (App. 2008) (citing *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996)).  Baize likewise waived review of any issue raised for the first time in her reply brief.  Regardless, the record reflects Baize was ultimately able to make a claim and that her claim was resolved fairly.

unable, to any degree of medical probability, to relate Baize's subjective complaints to either the objective findings regarding her condition or any industrial injury. Although Baize presented competing evidence, we find no error.

## CONCLUSION

¶12 The ICA decision and award are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA