NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARIA LUA, *Petitioner*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

PREMIER EMPLOYEES SOLUTIONS,
*Respondent Employer,*

ZURICH AMERICAN INSURANCE COMPANY OF IL.,
*Respondent Carrier.*

No. 1 CA-IC 18-0026
FILED 10-25-2018

Special Action – Industrial Commission
ICA Claim No. 20171590170
Carrier Claim No. 2010300877
The Honorable Paula R. Eaton, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Maria D. Lua, Chandler
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lester Norton & Brozina, Phoenix
By Rachel Parise Brozina
*Counsel for Respondent Employer and Respondent Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**J O N E S**, Judge:

**¶1** In this statutory special action, Maria Lua challenges an Industrial Commission of Arizona (ICA) award and decision upon review finding her back injury was not compensable. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2** On May 9, 2017, Lua was advised by Premier Employees Solutions (Premier) that her temporary assignment with Arizona Production and Packaging (AZPack) had ended.[1] Lua arrived at AZPack at 4:00 a.m. the following day to ask why she had been terminated. Lua was advised she was not scheduled to work but refused to leave the premises until she spoke directly with AZPack's owners. Lua's former supervisor, Edgar D., asked her to wait in the conference room where she would not disturb other employees. When Edgar returned a few minutes later, Lua was laying on the floor with no apparent injuries. According to Lua, the chair had slid out from under her when she attempted to sit down, and she fell backward onto the floor. Edgar helped Lua back into a chair and another employee called 9-1-1. At the same time the paramedics

---

[1]     We view the facts and inferences to be drawn therefrom in the light most favorable to upholding the ICA's findings and award. *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 490-91, ¶ 2 (App. 2007) (quoting *Roberts v. Indus. Comm'n*, 162 Ariz. 108, 110 (1989)).

arrived to assist, local law enforcement escorted her from the property for trespassing.

¶3        Lua filed a claim for workers' compensation benefits, alleging her "whole right side" from her head to her knee had been injured.  This claim was ultimately denied.  In January 2018, the administrative law judge (ALJ) found Lua was not an employee of Premier on the day of her alleged injury and issued a decision denying Lua's claim as non-compensable.  That decision was affirmed upon review.  Lua timely requested review, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(2),[2] 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

¶4        Lua argues the ICA's award and decision are unsupported by the evidence.  We disagree.

¶5        "To prove compensability, the claimant must establish all the elements of h[er] claim," including that she was an employee at the time of her injury. *W. Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 527 (App. 1982); *see also* Ariz. Const. art. 18, § 8 (providing for a scheme of workers' compensation benefits "to be paid to any such workman, in case of his injury"); A.R.S. §§ 23-901(6) (defining "employee" and "workman"), -906(A) (limiting the liability of employers who comply with workers' compensation laws for the injury or death "of an employee"). Although the ALJ heard conflicting evidence regarding Lua's employment status on May 10, 2017, it is for the ALJ, as the trier of fact, to "resolve all conflicts in the evidence." *Post v. Indus. Comm'n*, 160 Ariz. 4, 8 (1988) (citing *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975), and *Phelps Dodge Corp. v. Indus. Comm'n*, 121 Ariz. 75, 77 (App. 1978)).  "Where more than one inference may be drawn, the [ALJ] may choose either, and this Court will not disturb the [ALJ]'s conclusion unless it is wholly unreasonable." *Royal Globe Ins. v. Indus. Comm'n*, 20 Ariz. App. 432, 434 (1973) (citing *Malinski v. Indus. Comm'n*, 103 Ariz. 213, 217 (1968)).

¶6        Here, the ALJ accepted the testimony of Premier and AZPack employees that Lua had been terminated from her assignment at AZPack, and notified of her termination, the day prior to her alleged injuries. Although Lua presented competing evidence, we cannot say the collective

---

2        Absent material changes from the relevant date, we cite the current version of rules and statutes.

testimony of the other workers, or the ALJ's reliance thereon, is wholly unreasonable, and therefore find no error.

¶7       Lua also complains of what she perceives to be irregularities in the procedure of processing her claim. While we are sensitive to her concerns, a conscientious review of the record reveals Lua was given notice and a meaningful opportunity to be heard and the claim was processed in accordance with applicable law. Lua has therefore failed to prove reversible error on this basis.

## CONCLUSION

¶8       The ICA decision and award are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA