NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

COSTCO WHOLESALE, *Petitioner Employer*,

HELMSMAN MANAGEMENT SERVICES, INC., *Petitioner Carrier*,
*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

JOSHUA BARRETT, *Respondent Employee.*

No. 1 CA-IC 19-0018
FILED 3-10-2020

Special Action - Industrial Commission
ICA Claim No. 20180-730291
Carrier Claim No. WC608-A45818
The Honorable Colleen Marmor, Administrative Law Judge

**AFFIRMED**

COUNSEL

Lundmark Barberich La Mont & Slavin PC, Phoenix
By Lisa M. LaMont
*Counsel for Petitioner Employer and Carrier*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Ely Bettini Ulman Rosenblatt & Ozer, Phoenix
By Joseph M. Bettini
*Counsel for Respondent Employee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Diane M. Johnsen[1] joined.

---

**M O R S E**, Judge:

**¶1**          Petitioners Costco Wholesale ("Costco") and Helmsman Management, Inc. ("Helmsman") ask this court to review an Industrial Commission of Arizona award finding that an injury to Joshua Barrett while he was working for Costco on February 21, 2018, is a compensable injury.  We have the authority to hear this appeal under A.R.S. §§ 12-120.21(A)(2) and 23-951(A) and by Arizona Rule of Procedure for Special Actions 10.  Because there is evidence in the record that supports the award, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**          In February 2018, Joshua Barrett worked as a stocker for Costco.[2]  His job included stocking warehouse shelves with merchandise before the store opened for the day.  Barrett had suffered a prior injury to his right hip, for which he received arthroscopic surgery in 2012 that corrected the problem.  On February 21, 2018, as Barrett lifted a heavy item and twisted his body to put it on a shelf overhead, he felt pain in his lower back and right hip.  He was able to continue working that day and the next

---

[1]          Judge Johnsen was a sitting member of this court when the matter was assigned to this panel of the court.  She retired effective February 28, 2020.  In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Johnsen as a judge *pro tempore* in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during her term in office.

[2]          We consider "the evidence in the light most favorable to upholding the award." *Danial v. Indus. Comm'n*, 246 Ariz. 81, 83, ¶ 11 (App. 2019).

by taking over-the-counter pain medication, but his symptoms got worse. He then took several days off work to rest. When rest did not relieve the pain, he went to an urgent care center on February 28, 2018. The examining doctor found a "lumbosacral strain" and an "injury of right hip and thigh." She prescribed pain medication and muscle relaxers, and recommended physical therapy.

¶3          A few weeks after the injury, Barrett saw an orthopedic specialist who examined his right hip and found injury stemming from the incident at Costco. Barrett filed a report of his injury for worker's compensation. Costco denied compensability, and Barrett requested a hearing.

¶4          At the hearing, the Administrative Law Judge ("ALJ") heard from Barrett and five medical expert witnesses, including the urgent care doctor, the orthopedic specialist and another specialist who had examined Barrett in March 2018, and two Independent Medical Examiners who had examined Barrett in August 2018. One of the experts only examined Barrett's lower back and could not form an opinion concerning the causation of the injury. The other doctors who had examined Barrett's lower back, Dr. Susan Carter and Dr. Gary Dilla, agreed he had suffered a "sprain/strain." The doctors who examined Barrett's right hip were not in agreement. As noted, one doctor, Kostas Economopolous, M.D., found a hip injury he determined to have been caused by the Costco event. Another, John Bradway, M.D., could not find an acute injury from the Costco incident. The ALJ resolved these conflicts in favor of Barrett, finding his testimony was credible and crediting the opinions of the experts who testified that the event at Costco caused injuries to Barrett's lower back and right hip. Costco and Helmsman appealed.

## DISCUSSION

¶5          Barrett had the burden of establishing a compensable injury at the hearing by proving that he suffered an injury by accident arising out of and in the course of his employment with Costco. A.R.S. § 23-1021; *Ibarra v. Indus. Comm'n*, 245 Ariz. 171, 174, ¶ 14 (App. 2018). Here, Barrett prevailed at the Industrial Commission and Petitioners acknowledge the applicable standard of review—we do not reweigh evidence and must affirm if reasonable evidence exists to support the ALJ's factual determinations. *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 609, ¶ 25 (App. 2000). When an injury is a type that is not apparent to a layperson, especially concerning the causal link between the event and the injury, expert medical evidence is necessary. *W. Bonded Products v. Indus. Comm'n*,

132 Ariz. 526, 527 (App. 1982). Where there is conflict in the evidence or where different inferences may be drawn from the evidence, the ALJ has the discretion to choose how to resolve those conflicts; we will not disturb that choice unless it is wholly unreasonable. *Waller v. Indus. Comm'n*, 99 Ariz. 15, 18 (1965). To prevail on appeal, then, Petitioners must show that no reasonable evidence exists in the record to support the ALJ's findings and that the ALJ's choice between possible inferences was wholly unreasonable. Petitioners have not met this burden.

¶6        Dr. Carter, the urgent care physician who examined Barrett a week after the injury, found lumbar strain and a right hip injury for which she prescribed treatment. She testified in support of those findings. Likewise, Dr. Economopolous testified in support of his opinion that Barrett suffered an injury to his right hip from the Costco incident. Both experts gave reasons for their conclusions. To the extent they both relied upon Barrett for a history of the mechanism of the injury, the ALJ found him credible. We conclude that there were reasonable inferences to draw from the entirety of the evidence presented, and we will not disturb her choices on appeal.

¶7        Petitioners argue that Dr. Economopoulos's opinion was foundationally flawed, in part, because he relied upon Barrett's account of his medical history. *See Desert Insulations, Inc. v. Indus. Comm'n*, 134 Ariz. 148, 151 (App. 1982) (stating that a foundational flaw upon which medical opinion is given can weaken the opinion); *but see Fry's Food Stores v. Indus. Comm'n*, 161 Ariz. 119, 122 (1989) (noting that "not every error in fact renders the opinion fatally flawed."). But the ALJ found Barrett credible and noted that Barrett told Dr. Economopoulos he had no pain in his hip immediately before the industrial incident in February 2018. This is evidence that supports the ALJ's resolution in favor of Dr. Economopoulos' opinion.

¶8        Petitioners also argue that Barrett was not credible. Assessment of the credibility of witnesses is within the ALJ's discretion. *Basinger v. Indus. Comm'n*, 15 Ariz. App. 122, 124 (1971). Again, there was evidence presented to the ALJ upon which she could base a finding that Barrett was a credible witness with respect to whether his back and right hip were injured while he was working at Costco on February 21, 2018. We will not disturb that finding in this case.

## CONCLUSION

**¶9** Much of Petitioners' argument essentially asks us to re-weigh the evidence and find witnesses not to be credible. This is not our role. On this record, we do not conclude that the ALJ's resolution of the conflicting evidence was wholly unreasonable and, therefore, we affirm the award.



AMY M. WOOD • Clerk of the Court
FILED: AA