NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

FLORENCE SMITH, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

WASHINGTON ELEM SCHOOL DIST, *Respondent Employer,*

WASHINGTON ELEMENTARY SCHOOL DISTRICT #6, *Respondent Carrier.*

No. 1 CA-IC 19-0054

FILED 7-16-2020

Special Action - Industrial Commission
ICA Claim No.  20182-820128
Carrier Claim No. 18723292
The Honorable J. Matthew Powell, Administrative Law Judge

**AFFIRMED**

COUNSEL

Florence Smith, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Jardine Baker, Hickman & Houston, PLLC, Phoenix
By Charles G. Rehling
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

---

Judge Jennifer M. Perkins[1] delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

---

**P E R K I N S**, Judge:

¶1          In this statutory special action, Florence Smith challenges an Industrial Commission of Arizona (ICA) award and decision upon review finding her injury was not caused by her employment and therefore non-compensable under Arizona's Workers' Compensation Act. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          We view the facts and all inferences to be drawn therefrom in the light most favorable to upholding the ICA's findings and award. *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 490–91, ¶ 2 (App. 2007) (quoting *Roberts v. Indus. Comm'n*, 162 Ariz. 108, 110 (1989)).

¶3          At the end of the 2017-18 school year, Smith, a sixty-nine-year-old reading specialist with the Washington Elementary School District (WESD), was cleaning her instructional area in preparation for the summer break. Smith sat down on the floor to clean under some counters, but when she stood back up, she felt intense pain in her right knee. This pain continued as she walked to the office to report the injury. The knee swelled and, two days later, she was examined in the emergency room, where x-rays showed effusion and arthritis in the knee. Smith was discharged with crutches and a knee brace and instructed to rest the knee. She saw her primary care physician a few days later, who instructed her to rest and continue to use the brace, and referred her to physical therapy when the swelling resolved.

---

[1] Judge Perkins replaces the Honorable Kenton D. Jones, who was originally assigned to this panel. Judge Perkins has read the briefs and reviewed the record.

¶4        Smith filed a workers' compensation claim in August 2018. When WESD denied the claim, Smith requested a hearing to challenge the denial.

¶5        At the hearing, Smith described the knee injury and treatment. On cross-examination, Smith admitted she had right-knee surgery in 2005, and, at the time, had been advised her knee was degenerating and would likely need to be replaced at some point. She also acknowledged she was told the emergency room x-rays reflected degenerative disease and osteoarthritis within the knee.

¶6        An orthopedic surgeon who reviewed Smith's records and performed an independent medical examination at WESD's request testified that pain may occur absent injury or trauma, and he could identify no evidence of trauma or acute injury that might have caused the right knee pain Smith experienced. The surgeon explained that a prior knee surgery can accelerate knee degeneration and opined that Smith's pain was likely a manifestation of an existing condition. The fact that Smith's pain and swelling resolved within two weeks further indicatedthat no acute injury or trauma had occurred. Thus, the surgeon concluded that Smith's pain and/or injury were a manifestation of her underlying arthritis and degeneration, not a separate or new injury, and unrelated to her work activities or the the act of standing from a seated position. No other witnesses testified.

¶7        After consideration, the administrative law judge (ALJ) accepted the orthopedic surgeon's testimony that the pain and swelling Smith experienced were secondary to her pre-existing arthritis and not caused by work activities. Accordingly, Smith's claim was non-compensable. Smith timely requested administrative review and the judge summarily affirmed the award. Smith now petitions for review via statutory special action, which we have the authority to review pursuant to A.R.S. §§ 12-120.21(A)(2) and 23-951(A) and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

¶8        Smith argues the ALJ erred in finding the industrial incident did not cause or contribute to her knee injury and concluding her claim was non-compensable. We will affirm the ICA's decision and award unless there is no reasonable evidence to support the ALJ's findings. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002) (citing *Salt River Project v. Indus. Comm'n*, 128 Ariz. 541, 544–45 (1981)).

¶9            To prevail on her workers' compensation claim, Smith bore the burden of proving she suffered an injury by accident arising out of and in the course of her employment. A.R.S. § 23-1021; *Ibarra v. Indus. Comm'n*, 245 Ariz. 171, 174, ¶ 14 (App. 2018). Under Arizona law, an accident arising out of and in the course of employment that aggravates a pre-existing condition to produce further injury is compensable. *Martinez v. Indus. Comm'n*, 192 Ariz. 176, 180, ¶ 17 (1998) (citing *Murray v. Indus. Comm'n*, 87 Ariz. 190, 199 (1960)). In this situation, "an industrial accident need not be the sole cause of an injury, as long as it is *a* cause." *Id.* (citing *Allen v. Indus. Comm'n*, 124 Ariz. 173, 175 (App. 1979)). Moreover, "[i]t has long been the law of this jurisdiction that where the result of an accident is not clearly apparent to a layman, [the causal connection] must be determined by expert medical testimony." *W. Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 527 (App. 1982) (collecting cases).

¶10           We find guidance in the analogous case of in *Kentucky Fried Chicken v. Indus. Comm'n*, 141 Ariz. 561 (App. 1984). There, a worker with a hip condition that periodically bothered him before the incident slipped and fell at work. *Id.* at 562. The worker lost five days of work and eventually had surgery to repair the hip, but the uncontested medical testimony was that the fall did not cause or aggravate the underlying hip condition; it "merely increased the [worker]'s awareness of his preexisting condition" and the need to get medical care. *Id.* at 562–65. We affirmed the ICA's conclusion that the industrial accident did not even partially contribute to the hip condition. *Id.* at 564–65. We also held that "expert medical testimony establishing causation was indispensable." *Id.* at 565 (citing *W. Bonded*, 132 Ariz. at 527).

¶11           Here, the undisputed facts reflect that Smith had a pre-existing degenerative and arthritic condition in her right knee. The uncontested expert testimony established that it was this condition, and not anything that happened at work, that caused the pain and swelling Smith experienced. As in *Kentucky Fried*, without expert medical testimony linking the industrial activity to an aggravation of the pre-existing condition, Smith fails to prove her claim is compensable. Accordingly, we find no error.

**CONCLUSION**

¶12     The ICA's decision and award are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA